■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED SCOTT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant, in his trial motion to dismiss, did not raise the issue whether the People presented legally sufficient evidence to prove that the fingerprint card he signed with a false name constituted a written instrument calculated to be filed in a public office *(see,* Penal Law § 170.00 [1]; § 170.10 [2]). That issue, therefore, was not preserved for appellate review *(see, People v Logan,* 74 NY2d 859; *People v Bynum,* 70 NY2d 858; *People v Gallow,* 171 AD2d 1061), and in any event, was without merit. Defendant's contentions that the trial court erred in its instructions to the jury on the

elements of forgery in the second degree and burglary in the third degree also were not preserved for review *(see,* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340, 351), and we decline to exercise our discretionary review power in the interest of justice *(see,* CPL 470.15 [6]).

There is no merit to defendant's contention that the Assistant District Attorney's instruction to the Grand Jury on the crime of burglary in the third degree was so deficient as to impair the integrity of the Grand Jury's deliberations. The principal factual issue was whether defendant intended to commit a crime at the time he entered the premises. The verbatim reading of the relevant statutory provisions, though not as complete as it could have been, was sufficient to enable the Grand Jury to determine whether a crime was committed and whether legally sufficient evidence existed to establish the material elements of that crime *(see, People v Calbud, Inc.,* 49 NY2d 389, 394-396; *see also, People v Goetz,* 68 NY2d 96, 115-116). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Burglary, 3rd Degree.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.