■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN SANCHEZ, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant has failed to preserve the contention that the trial court committed reversible error in its charge on burglary by failing to define clearly the element of entering unlawfully and by merging that element with the separate element of acting with intent to commit a crime *(see,* CPL 470.05 [2]). We decline to address that issue in the interest of justice *(see,* CPL 470.15 [6] [a]).

There is no merit to defendant's contention that dismissal of the indictment is required. The Assistant District Attorney's instructions to the Grand Jury on the law of burglary did not "substantially undermine [the] essential function" of the Grand Jury *(People v Calbud, Inc.,* 49 NY2d 389, 396; *see, People v Scott,* 175 AD2d 625).

Finally, we conclude that the court properly denied defendant's request for a missing witness charge *(see, People v Gonzalez,* 68 NY2d 424, 428). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.