■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD CANNON, Respondent. [620 NYS2d 539] —Mikoll, J. P. Appeal from an order of the County Court of Tompkins County (Barrett, J.), entered November 21, 1993, which partially granted defendant's motion to dismiss the indictment.

The issue before us is whether County Court properly dismissed counts of the indictment charging defendant with

resisting arrest and criminal mischief based on inadequate proof before the Grand Jury and insufficient instructions. Defendant was placed under arrest on May 4, 1993 for disorderly conduct and was later indicted for the crimes of assault in the second degree, resisting arrest, criminal mischief in the fourth degree and obstructing governmental administration in the second degree.

Review of the Grand Jury minutes revealed that shortly after 9:00 P.M. on May 4, 1993, the City of Ithaca Police Department received a complaint of a fight in progress at Landmark Square Apartments. Police Officers Michael Koval and Philip Newby separately responded to the complaint. Koval arrived first and observed defendant and another individual, later identified as Jacob Beanford, in an apparent verbal dispute. Koval testified that defendant moved toward Beanford with clenched fists and attempted to strike him. Defendant also taunted Beanford and shouted obscenities at him. Koval separated the disputants, advised Beanford that he was under arrest, handcuffed him and escorted him to the patrol car where he was turned over to another officer who had arrived. Koval returned to the scene and told defendant he was under arrest for disorderly conduct.

Defendant fled on foot as Newby arrived. Defendant ran to apartment number 17 where Koval and Newby observed him punch and break a window in the screen door to the apartment. The two officers pursued defendant into a second floor bedroom of the apartment and Koval again informed defendant that he was under arrest for disorderly conduct. Defendant was handcuffed and led out of the apartment. As defendant and Newby descended the stairs, defendant began to struggle and jerked away from Newby, causing both defendant and Newby to fall down the stairs. Newby injured his leg in the fall. Defendant was taken to the police station and continued to physically struggle and curse; he was ultimately placed under protective restraints.

The People and defendant stipulated to the submission of the Grand Jury minutes to County Court to determine whether there was sufficient evidence to support the charges and whether the instructions to the Grand Jury were adequate. County Court reviewed the Grand Jury minutes and dismissed the resisting arrest count for inadequate instructions and dismissed the count charging criminal mischief in the fourth degree based on legally insufficient evidence. This appeal by the People followed. A subsequent motion by the People for leave to resubmit the charges to the Grand Jury

was denied by County Court. No appeal was taken from the latter order.

County Court dismissed the third count of the indictment charging criminal mischief in the fourth degree for insufficient evidence of proof of ownership of the damaged door. The court determined that there was inadequate proof showing that someone other than defendant had a proprietary interest in the damaged door. The People's contention that this constituted error is persuasive. The interpretation of the evidence before the Grand Jury by County Court was unduly narrow. In determining the sufficiency of the evidence before the Grand Jury, the reviewing court must view the evidence in the light most favorable to the People *(People v Jennings,* 69 NY2d 103, 114; *People v Garbarino,* 152 AD2d 254, 256, *lv denied* 75 NY2d 919). Defendant has the burden of proving that evidence produced was insufficient *(see, People v Garbarino, supra).*

Mark Goldfarb, the owner of the business which manages Landmark Square Apartments, testified that he knew the owner of the complex and managed the apartments for the owner, collected rent and performed all necessary maintenance and repairs. Goldfarb also testified that he did not personally know defendant but knew of him, and that he had never given defendant permission to break the window in the screen door. The Grand Jury could reasonably infer from the proof that the owner of the damaged property was someone other than defendant, which is all the People were required to establish. Significantly, proof of nonownership of property may reasonably be inferred from circumstantial evidence alone *(see, People v Stafford,* 173 AD2d 233, 234; *People v Wright,* 68 AD2d 930, 931).

Also meritorious is the People's argument that County Court erroneously dismissed the second count of the indictment charging resisting arrest for inadequate instructions regarding proof that defendant prevented or attempted to prevent a police officer "from effectuating an authorized arrest". A Grand Jury need not be instructed with the same degree of precision as a petit jury because of their different functions *(see, People v Goetz,* 68 NY2d 96, 115; *People v Calbud, Inc.,* 49 NY2d 389, 394; *People v Scott,* 175 AD2d 625, 626, *lv denied* 78 NY2d 1130).

The test is whether the instructions were so deficient as to impair the integrity of the Grand Jury's deliberations *(People v Smith,* 182 AD2d 725, 729, *lv denied* 80 NY2d 896; *People v*

*Scott, supra).* Here, the prosecutor gave an almost verbatim reading of Penal Law § 205.30 defining resisting arrest and a verbatim reading of Penal Law § 15.05 defining an intentional act. These instructions were adequate.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, by reversing so much thereof as granted the motion dismissing counts two and three of the indictment; motion denied to that extent and said counts reinstated; and, as so modified, affirmed.