■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO RIOS, Appellant. [631 NYS2d 848] —Judgment, Supreme Court, New York County (Joan Carey, J., at *Wade* hearing; Richard Lowe, III, J., at trial and sentence), rendered November 7, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's "bolstering" arguments concerning the arresting officer's testimony regarding the observation officer's radio description and his confirmatory identification are unpreserved and meritless (CPL 470.05 [2]; *People v Vargas*, 213 AD2d 258). Since the identification was clearly confirmatory (*People v Wharton*, 74 NY2d 921), there is no merit to defendant's arguments concerning the *Wade* hearing.

Upon an independent review of the facts, we find that the verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Defendant's arguments concerning the credibility of the prosecution's witnesses were properly placed before the jury, and we find no reason on the record before us to disturb its determination.

Defendant's argument that there is insufficient evidence that he knew the weight of the cocaine he possessed is unpreserved as a matter of law (*People v Gray*, 86 NY2d 10; *People v Noble*, 86 NY2d 814), and we decline to review the claim in the interest of justice.

The court's *Sandoval* ruling, which permitted the People to elicit that defendant had previously been convicted of a felony and a misdemeanor without reference to the underlying criminal acts, was a proper exercise of discretion (*People v Sandoval*, 34 NY2d 371). The similarity of defendant's prior drug conviction could not have prejudiced defendant since the court did not permit the prosecutor to inquire as to the nature of the crime. Nor were defendant's prior crimes remote. Furthermore, there is no record support for defendant's claim that he was improperly excluded from the *Sandoval* hearing and a bench conference that preceded it (*People v Jones*, 213 AD2d 250).

Defendant's right to be present at all material stages of the trial also was not violated by his alleged exclusion from a bench conference in which the prosecutor apprised the defense that he intended to question a defense witness regarding defendant's residence. The record does not support the conclusion that defendant was absent from the conference, which, in any event, concerned a matter of law to which defendant had nothing to personally contribute (*People v Rodriguez*, 85 NY2d 586). It

also was not error for the court to decline defendant's request that the jury be instructed that there was no evidence in this case regarding defendant's residence.

Defendant's claim concerning the improper admission of a binocular demonstration conducted by the prosecution is unpreserved for appellate review as a matter of law (CPL 470.05 [2]), and we decline to review it in the interest of justice. Were we to do so, we would find that the binocular demonstration was proper evidence (*People v Taylor*, 197 AD2d 841).

Defendant's claims that he was deprived of a fair trial by the prosecutor's direct examination of a police officer and summation comments are unpreserved as a matter of law since defendant made only general objections at trial (CPL 470.05 [2]). In any event, the challenged summation remarks were a proper and fair response to defendant's attacks on the credibility of the People's witnesses (*People v Galloway*, 54 NY2d 396).

We have reviewed the defendant's remaining contention regarding the excessiveness of his sentence and find it to be without merit. Concur—Sullivan, J. P., Wallach, Rubin, Ross and Nardelli, JJ.