■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE C. LEVENS, Appellant. [677 NYS2d 390] —Mikoll, J. P. Ap-

peal from a judgment of the County Court of Rensselaer County (Sheridan, J.), rendered November 23, 1994, upon a verdict convicting defendant of the crime of attempted murder in the second degree.

Defendant was indicted on charges of attempted murder in the second degree (two counts) and arson in the second degree, relating to a November 19, 1991 incident involving his estranged wife, Catherine Levens. Levens testified that while she and defendant were in the garage attached to the marital residence attempting to repair their phone lines, with their 11-month-old daughter inside the home, defendant suddenly poured a flammable liquid onto her back, threw a lit blowtorch at her and began beating and choking her. While Levens fled to a neighbor's home with defendant in pursuit, a fire broke out inside the garage and spread to the house. Fire and emergency personnel responded and the child was rescued. Levens received medical treatment for burns to her back.

Following a jury trial, defendant was acquitted of arson in the second degree and one count of attempted murder in the second degree (relating to his child), but convicted of the attempted murder of Levens. Sentenced to an indeterminate prison term of 5 to 15 years, defendant appeals. Finding no merit in defendant's various claims of error, we affirm.

Defendant's first argument relates to the failure of the prosecutor to instruct the Grand Jury on the statutory definitions of "intent" and "attempt" underlying the attempted murder count. The People contend that this claim is unpreserved for review in that defendant failed to raise the ground in his omnibus motion, seeking dismissal of the indictment based on insufficient evidence. However, defendant did not receive the actual Grand Jury minutes, including instructions to the Grand Jury, until shortly before trial and promptly raised the issue by means of an order to show cause. It is well settled that, because of their different functions, "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud*, 49 NY2d 389, 394; *see, People v Batashure*, 75 NY2d 306). The prosecutor's duty under CPL 190.25 (6) is satisfied where the Grand Jury has been provided with sufficient information to intelligently determine whether a crime has been committed and whether legally sufficient evidence establishes the material elements thereof (*see, People v Goetz*, 68 NY2d 96, 115). Failure to read statutory definitions of terms whose meaning is obvious will not be fatal (*see, People v Rockwell*, 97 AD2d 853, 854; *see also, People v Scott*, 175 AD2d 625, *lv denied* 78 NY2d

1130). Here, the prosecutor instructed the Grand Jury on the elements of attempted murder in the second degree, albeit not with the statutory definitions of "attempt" and "intent". Such instructions sufficed under the relaxed standard applicable thereto.

Defendant next contends that County Court erred in refusing to enforce what defendant characterizes as a "binding plea agreement". The discussions between counsel and the court underlying this claim were not placed upon the record, but County Court's denial of defendant's motion in this regard was informed by its participation in the negotiations. Consequently, we accord deference to County Court's finding that there was no final offer and acceptance of a plea agreement (*see, People v Aldrich*, 243 AD2d 856, *lv denied* 91 NY2d 888).

We further find that County Court properly denied defendant's motion to suppress his oral statement. Deputy Sheriff Matthew Flanigan responded to the radio call of the fire at defendant's residence. On arrival, he found the home afire with defendant standing in the garage, holding a knife to his throat and bleeding from the chest. Flanigan asked, "What's this all about?" and defendant responded that he was in trouble because he had thrown gasoline on his wife and was going to light her on fire but the torch went out. The officer's question was a "permissible threshold crime scene inquir[y] * * * designed to clarify the nature of the situation confronted, rather than to elicit inculpatory statements" (*People v Burnett*, 228 AD2d 788, 790 [citation omitted]), as to which *Miranda* warnings were not required (*see, People v Huffman*, 41 NY2d 29, 34).

Similarly without merit is defendant's claim that his exclusion from sidebar conferences deprived him of his statutory and constitutional right to be present at every critical stage of the proceedings. A defendant's presence is not required where, as here, the purpose of the proceeding involved questions of law or procedure (*see, People v Rodriguez*, 85 NY2d 586; *People v Houk*, 222 AD2d 1074; *People v Rios*, 220 AD2d 225, *lv denied* 87 NY2d 924).

Defendant next argues that the People's delay in providing *Brady* material deprived him of a fair trial. The material in question consisted of the results of laboratory testing indicating that no accelerant was found on the clothing worn by Levens at the time of the incident. The report, dated December 13, 1991, was not provided to the defense until September 14, 1994, approximately one week before the trial. The People aver that the report, which is on the letterhead of the State Police

Crime Laboratory and addressed to the Rensselaer County Sheriff's Department, did not come into their possession until September 14, 1994, the same day it was given to the defense. County Court correctly ruled that the evidence was disclosed in time for its effective utilization by the defense. While defendant argues that he was prejudiced by the delay in that he had insufficient time to refute the prosecution's explanation for the negative test results, he offers no factual support for this claim.

Finally, defendant argues that the sentence imposed by County Court was harsh and excessive. He further alleges that since the court had agreed to a lesser sentence during plea discussions, the court effectively penalized him for exercising his right to trial. Neither argument is persuasive. The sentence imposed is within the permissible range for a class B violent felony and the court's reasons for its imposition are contained in the record, which is devoid of any support for defendant's claim that the sentence was retaliatory (*see, People v Fallen*, 249 AD2d 771; *People v Washington*, 217 AD2d 421, *lv denied* 87 NY2d 852; *People v Catten*, 214 AD2d 463, *lv denied* 86 NY2d 792; *see also, People v Pena*, 50 NY2d 400, 411-412).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.