■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN K. WADE, Respondent. [689 NYS2d 264] —Cardona, P. J. Appeal from an order of the County Court of Essex County (Halloran, J.), entered September 29, 1998, which, *inter alia*, partially granted defendant's motion to dismiss the indictment.

In May 1995, while employed as the Chief of Police of the Town of Ticonderoga in Essex County, defendant went to the home of the victim purportedly in furtherance of an investigation involving the theft of certain items from her home. The victim instructed him to wait outside while she retrieved items which had been recovered. According to the victim, defendant entered her home and, while she was bending over to pick up the items from the floor, approached her from behind, put his hands on her waist and rubbed his crotch against her buttocks. As a result of this incident, defendant was indicted for burglary in the third degree, sexual abuse in the third degree, official misconduct (two counts) and harassment in the second

degree. Thereafter, the People and defendant's attorney executed a stipulation in lieu of motions agreeing to an in camera inspection of the Grand Jury minutes by County Court to ascertain, *inter alia*, the adequacy of the legal instructions given to the Grand Jury. County Court, *inter alia*, dismissed the first count of the indictment charging burglary in the third degree finding that the instructions on the charge were incorrect and misleading. This appeal by the People ensued.

Initially, we note that because the Grand Jury is not charged with the ultimate responsibility of determining the guilt or innocence of a criminal defendant, it is "unsound to measure the adequacy of the legal instructions given to the Grand Jury by the same standards that are utilized in assessing a trial court's instructions to a petit jury" (*People v Calbud, Inc.*, 49 NY2d 389, 394). Rather, it is "sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*id.*, at 394-395; *see, People v Levens*, 252 AD2d 665, 666, *lv denied* 92 NY2d 927). The test for evaluating adequacy is "whether the instructions were so deficient as to impair the integrity of the Grand Jury's deliberations" (*People v Cannon*, 210 AD2d 764, 766).

At the commencement of the Grand Jury proceeding, the prosecutor instructed, in accordance with Penal Law § 140.20, that "[a] person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein". After testimony was heard and in response to a Grand Juror's question, the prosecutor sought to clarify the concept of burglary. He repeated the Penal Law definition and went on to state: "Usually when you hear the term burglary you think of someone going into someone's home and stealing a TV set. Actually, a burglary is entering the building and committing any crime therein. The crime that's being, is being alleged here is the sexual misconduct and, I'm sorry, sexual abuse in the third degree. * * * That's the underlying offense that you are to consider with regard to [defendant] entering the house. Okay. So let me just clarify things here. Burglary in the third degree: A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein. So for that charge you have to show that [defendant] went into the home without permission and then committed some kind of an offense, not necessarily a theft". County Court

concluded that the instructions were improper because the prosecutor implied that intent to commit a crime was not necessary to establish burglary in the third degree. While the prosecutor did refer to the commission of a crime in his explanation, we do not find that this requires dismissal of the first count of the indictment. The statement was made in the context of the prosecutor's overall discussion of burglary in the third degree during which he recited the Penal Law definition three times specifically referencing the element of intent (*see, People v Calbud, Inc., supra,* at 395, n 1). Viewing the prosecutor's instructions in totality, we do not find the deficiency of such a degree as to impair the integrity of the Grand Jury's deliberations (*see, People v Cannon, supra,* at 766). Therefore, dismissal of the first count of the indictment was error.

Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as granted defendant's motion dismissing the first count of the indictment; motion denied regarding the first count, said count reinstated and matter remitted to the County Court of Essex County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.