Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MARTINEZ, Appellant. [706 NYS2d 264] —Graffeo, J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered April 19, 1999, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree.

Defendant's conviction arises out of allegations that he stole a wallet and credit card belonging to an acquaintance and attempted to use the credit card to purchase $3,840.82 in jewelry at a department store. Prior to trial, County Court found that defendant was subjected to an illegal search and, therefore, certain physical evidence found on defendant's person, including the wallet and its contents, was inadmissible. The credit card, however, was not suppressed because it was not retrieved during the search of defendant. Oral statements made by defendant to the police officer following the search were also excluded.

Defendant's subsequent motion to dismiss the indictment on the ground that the indictment was based upon the precluded evidence was denied by County Court. Defendant then pleaded guilty to the crime of criminal possession of stolen property in the fourth degree and was sentenced as a second felony offender to a prison term of 1½ to 3 years.

Defendant now appeals, contending that the Grand Jury proceedings were defective and County Court's denial of his motion to dismiss the indictment pursuant to CPL 210.35 (5) was erroneous.* As is relevant here, a Grand Jury proceeding is defective when it "fails to conform to the requirements of [CPL art 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). In order to satisfy this exacting standard, a defendant must demonstrate that "prosecutorial wrongdoing, fraudulent conduct or errors" may have prejudiced the Grand Jury's determination (People v Huston, 88 NY2d 400, 409; see, People v Carey, 241 AD2d 748, 751, lv denied 90 NY2d 1010).

---

* We note that the People have acknowledged that a dismissal pursuant to CPL 210.35 may be raised on appeal notwithstanding a guilty plea (see, People v Wilkins, 68 NY2d 269, 277).

Here, defendant argues that the testimony of the arresting officer in combination with the evidence eventually suppressed rendered the Grand Jury proceedings fatally defective. We disagree. Initially, we note that the presentation of evidence subsequently ruled to be inadmissible at trial does not render the indictment invalid (*see, People v Gordon*, 88 NY2d 92, 96; *People v Davis*, 190 AD2d 987, *lv denied* 81 NY2d 1071). The testimony of the police officer consisted of an account of his arrival at the department store, his apprehension of defendant at the jewelry counter and his subsequent conversation with the victim. In addition to the officer, two other witnesses provided testimony underlying the indictment. The Grand Jury heard the testimony of the store clerk who telephoned the Sheriff's Department after she became suspicious when defendant, a man in his 20s, attempted to use a credit card issued by the American Association of Retired Persons to pay for over $3,500 in jewelry. The victim also testified that his wallet and credit card were missing after a visit by defendant earlier that day and he had not given defendant permission to use those items. Under these circumstances, we conclude that the presentation of certain evidence to the Grand Jury which was ultimately suppressed did not compromise the integrity of the Grand Jury proceedings or prejudice defendant.

Mercure, J. P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.