■ The People of the State of New York, Appellant, v Michael P. Spencer, Respondent. [736 NYS2d 428] —Cardona, P. J. Appeal from an order of the County Court of Cortland County (Avery, Jr., J.), entered February 23, 2001, which granted defendant's motion to dismiss the indictment.

Defendant was arrested for the felony of operating a motor vehicle while intoxicated on February 7, 2000 and subsequently indicted for that crime. At the close of a pretrial *Huntley* hearing, defense counsel, for the first time, argued that defendant was under arrest when he was transported to the police station and the arrest had been effected without probable cause. County Court refused to entertain that argument, finding that it should have been raised in his omnibus motion. After the hearing, County Court suppressed some of defendant's oral statements as involuntary pursuant to CPL 60.45.

Thereafter, defense counsel made an application requesting, *inter alia*, a probable cause hearing, inspection of the Grand Jury minutes and dismissal or reduction of the felony charge. Although the People opposed the application, County Court entertained the late application and dismissed the indictment pursuant to CPL 210.35 (5). County Court found that the integrity of the Grand Jury proceeding had been impaired by the perjured testimony of the arresting officer. The People appeal.

"[A] Grand Jury proceeding is defective when it 'fails to conform to the requirements of [CPL art 190] to such degree that the integrity thereof is impaired and prejudice to the de-

fendant may result'" (*People v Martinez*, 271 AD2d 810, 810, quoting CPL 210.35 [5]). Because dismissal is an exceptional remedy, it is warranted only "where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409). We further note that "isolated instances of misconduct will not necessarily impair the integrity of the Grand Jury proceedings or lead to the possibility of prejudice" (*id.*, at 409).

At the *Huntley* hearing here, Trooper Christopher Shields testified that he administered an alco-sensor test shortly after defendant exited his vehicle; this information, however, was omitted from the Grand Jury at the direction of the prosecution. In fact, when asked by the prosecutor during the Grand Jury presentment, "Did you ask [defendant] to submit to any roadside chemical sobriety test," Shields incorrectly answered, "No, I didn't." Although we do not excuse what happened here, under all the circumstances, it is unnecessary to make a determination whether Shields' answer constituted perjury. We come to that conclusion because Shields' answer lacked the potential to prejudice the Grand Jury's ultimate decision since the remaining evidence was sufficient to sustain the indictment (*see, id.*, at 410).

The evidence established that defendant was discovered alone, asleep in his parked vehicle off the paved road in the southbound lane of Interstate Route 81 at 5:15 A.M. When tapping on the window failed to get a response, Shields opened the door and shook defendant. Shields asked him if he knew where he was coming from and where he was going. Defendant answered that he was coming from the City of Syracuse, Onondaga County, but did not know where he was going. Shields noticed a strong odor of alcohol when defendant spoke and his speech was slurred. He did not find any empty liquor containers in or around the vehicle. Shields asked defendant if he had anything to drink and defendant indicated that he had some beers and "JD" (Jack Daniels) a while ago. Defendant, thereafter, admitted that he had "a lot" to drink. He failed several field sobriety tests administered at the station by State Trooper Richard Prunier. Shields also testified that defendant produced a driver's license in the name Michael Spencer showing a date of birth of January 30, 1959* and a Syracuse address. Additionally, the People presented a certificate of conviction show-

---

* As originally transcribed and submitted to County Court, the Grand Jury minutes reflected defendant's date of birth as "3/30/59," a date which did not match the date of birth set forth in the certificate of conviction.

ing that a Michael P. Spencer, whose date of birth was "1-30-59," was convicted of the misdemeanor offense of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3) on June 22, 1992 in Syracuse City Court.

The foregoing evidence, "viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant [defendant's] conviction by a petit jury" (*People v Jennings*, 69 NY2d 103, 114; *see, People v Pelchat*, 62 NY2d 97, 105) of felony driving while intoxicated (*see,* Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c]; *People v Richards*, 266 AD2d 714, 715-716, *lv denied* 94 NY2d 924). Because the evidence before the Grand Jury was legally sufficient (*see,* CPL 190.65 [1]) to establish a prima facie case against defendant for the felony offense of operating a motor vehicle while intoxicated, we find that the questionable portion of Shields' testimony lacked the potential to prejudice that body's ultimate decision. Accordingly, the indictment must be reinstated.

Next, we address defendant's contention that Shields lacked probable cause to arrest defendant. Initially, we find that Shields' questioning of defendant at the scene as to whether he had been drinking was investigatory rather than custodial interrogation (*see, People v Hanna*, 185 AD2d 482, *lv denied* 80 NY2d 930). Given the location of defendant's car, defendant's admissions at the scene, Shields' noting of defendant's slurred speech, the strong odor of alcohol when defendant spoke and the absence of alcoholic containers in or around the car, "it could not be surmised that [defendant] stopped his car, consumed alcohol therein or at a nearby drinking establishment, and then fell asleep in the driver's seat without having operated the car. Likewise, defendant's statement that he was en route from [Syracuse] excluded the possibility that he had been found [intoxicated] at the starting point of his journey * * *" (*People v Saplin*, 122 AD2d 498, 499, *lv denied* 68 NY2d 817). Because "all inferences other than simultaneous operation and intoxication [were] excluded" (*id.,* at 499), we find that a reasonable inference could be drawn that defendant had been driving while intoxicated. Therefore, we find that Shields had the requisite probable cause to effect defendant's arrest at the scene. Under the circumstances, we need not address the People's remaining contentions.

Subsequent to the court's order in this case, the stenographer reviewed her notes and determined that that date was inaccurate and that the date of January 30, 1959 accurately reflected the testimony. This error may have contributed to County Court's additional finding that the evidence was insufficient to elevate the misdemeanor offense to felony driving while intoxicated (*see, People v Van Buren*, 82 NY2d 878, 880-881).

Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, motion denied and indictment reinstated.