(June 26, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH B. CRANDALL, Appellant. [763 NYS2d 847] —Crew III, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered October 26, 1999 in Rensselaer County, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, assault in the second degree and criminal contempt in the second degree (two counts).

In the early morning hours of January 28, 1999, defendant allegedly engaged the victim, with whom he previously had been engaged in an extramarital relationship, in unwanted, forceful sexual contact. As a consequence, defendant was indicted and charged with sexual abuse in the first degree, assault in the second degree, aggravated criminal contempt, criminal contempt in the first degree and assault in the third degree (indictment No. 99-1015). At defendant's arraignment on this indictment, a temporary order of protection was issued in favor of the victim. As the result of certain incidents involving defendant and the victim that occurred in February 1999 and March 1999, defendant subsequently was indicted and charged with criminal contempt in the first degree for having violated the temporary order of protection (indictment No. 99-1040).

Defendant successfully moved to dismiss the criminal contempt counts of the first indictment on the ground that the

temporary protective order that formed the basis for such counts had been vacated prior to the January 28, 1999 incident. Defendant's motion for dismissal of the remaining three counts of the first indictment on the ground that the impermissible use of the temporary protective order in the grand jury proceeding impaired the integrity thereof, as provided in CPL 210.35 (5), was denied.

Thereafter, defendant moved to dismiss the second indictment. Supreme Court found that the evidence before the grand jury was legally insufficient to support the charge of criminal contempt in the first degree. However, rather than dismiss the indictment, the court reduced the charge to criminal contempt in the second degree as a lesser included offense. The court thereafter granted the People's motion to consolidate the indictments for trial.

Following the consolidated trial, a jury convicted defendant of sexual abuse in the first degree and assault in the second degree as to the first indictment and two counts of criminal contempt in the second degree as to the second indictment. Supreme Court imposed the statutorily provided maximum sentences as to all counts, and defendant now appeals.

Initially, defendant contends that Supreme Court erred in failing to dismiss the first indictment in its entirety in that he was irreparably prejudiced when the People introduced the expired order of protection into evidence before the grand jury. We disagree. Even where inadmissible evidence is presented to a grand jury, such will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment (*see People v Huston*, 88 NY2d 400, 409 [1996]). Defendant advances no such claim here. Moreover, it appears that the People gave limiting instructions as to the purpose for which the evidence could be considered, which would obviate any claimed prejudice.

While we find no merit to defendant's contention that the evidence supporting his convictions of sexual abuse in the first degree and assault in the second degree was legally insufficient and that the verdicts were against the weight of the evidence, we find persuasive his argument that Supreme Court abused its discretion in curtailing the testimony of his expert witness. The court permitted the People's expert to testify that in her opinion, the victim's cervical abrasion was consistent with her claim that defendant forcibly inserted his fingers into her vagina. In an effort to rebut that testimony, defendant sought to elicit testimony from his expert that the victim's cervical abrasion was consistent with consensual contact. Inasmuch as the incident in question was unwitnessed, occurred between

two people who had been engaged in an ongoing sexual relationship and the outcome of the trial was dependent almost entirely upon the jury's assessment of their credibility, we are of the view that it was an abuse of discretion to permit the People's expert to opine that the injury was consistent with the application of force but deny defendant's expert the opportunity to provide a contrary opinion. We therefore conclude that a new trial is warranted as to that count of the first indictment charging defendant with sexual abuse in the first degree.

We also find persuasive defendant's contention that Supreme Court erred in reducing the sole count in the second indictment from criminal contempt in the first degree to criminal contempt in the second degree. While we recognize that this argument is unpreserved, we deem the error sufficiently egregious as to warrant review as a matter of discretion in the interest of justice (*see* CPL 470.15 [3], [6]).

Where, as here, a court determines that the evidence before the grand jury is not legally sufficient to establish the commission of the crime charged in the indictment, it shall order such charge reduced to allege the most serious lesser included offense that the evidence before the grand jury will support (*see* CPL 210.20 [1-a]). The issue thus distills to whether criminal contempt in the second degree, as defined in Penal Law § 215.50 (3), is a lesser included offense of criminal contempt in the first degree, as defined in Penal Law § 215.51 (b) (ii). This inquiry, of course, turns upon whether it is "theoretically impossible to commit the greater crime without at the same time committing the lesser" (*People v Glover*, 57 NY2d 61, 64 [1982]).

Even a cursory review of the two crimes demonstrates that it is entirely possible to commit the greater without committing the lesser. There can be no doubt that if one engages in conduct sufficient to constitute criminal contempt in the first degree, such conduct would qualify as the offending conduct described in Penal Law § 215.50 (3). However, there is an exception in Penal Law § 215.50 (3), which provides that the prohibited conduct is not criminal where it involves or grows out of a labor dispute as defined in the Judiciary Law. We recently have held that this exception is a jurisdictional requirement that must be pleaded in the indictment and, as such, it is a material element of the crime (*see e.g. People v Shaver*, 290 AD2d 731, 732 [2002]; *People v Kirkham*, 273 AD2d 509 [2000]). Inasmuch as Penal Law § 215.50 (3) requires that a defendant's disobedience of a court order not arise out of a labor dispute and Penal Law § 215.51 (b) (ii) contains no similar requirement, it is theoretically possible to commit the latter without committing

the former and Penal Law § 215.50 (3) is, therefore, not a lesser included offense of Penal Law § 215.51 (b) (ii). Consequently, defendant's conviction of two counts of criminal contempt in the second degree must be vacated.

Inasmuch as there must be a new trial as to the sexual abuse count in the first indictment, we note that we find no error in Supreme Court's decision to permit evidence of defendant's prior assaultive conduct with regard to the victim. Defendant attempted to prove, through cross-examination, that the victim did not resist defendant's advances, thus inviting the jury to erroneously conclude that the episode was consensual. In order to controvert such claim, the People were permitted to prove that the victim was afraid to resist based upon defendant's prior violent conduct toward her (*see People v Rojas*, 97 NY2d 32, 38-39 [2001]). Finally, we reject defendant's assertion that the sentence imposed on his conviction of assault in the second degree is harsh and excessive.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reversing defendant's conviction of the crime of sexual abuse in the first degree under indictment No. 99-1015 and defendant's conviction of two counts of criminal contempt in the second degree under indictment No. 99-1040; indictment No. 99-1040 dismissed and matter remitted to the Supreme Court for a new trial on the crime of sexual abuse in the first degree under indictment No. 99-1015; and, as so modified, affirmed.