■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID E. MOFFITT, Respondent. [798 NYS2d 556]—

Spain, J. Appeal from an order of the County Court of Cortland County (Ames, J.), entered June 13, 2003, which granted defendant's motion to dismiss the indictment.

The subject indictment charged defendant with 10 counts each of sexual abuse in the first degree and second degree and other crimes, stemming from his alleged sexual contact with the daughter of his long-term girlfriend (hereinafter the mother), a child he had helped to raise since infancy. After reviewing the grand jury minutes, defendant moved to dismiss the indictment based upon the impairment of the integrity of the grand jury (*see* CPL 210.35 [5]) and multiplicity. In a lengthy written decision, County Court granted defendant's motion to dismiss the entire indictment, finding that the integrity of the grand jury proceedings had been impaired by the prosecutor's elicitation of hearsay testimony from the victim's mother regarding what prompted her to suspect that the victim had been abused by defendant, and the victim's disclosure of it, which the mother reported to police. The court also concluded that 10 counts in the indictment were multiplicitous. The People now appeal, and we agree with their contention that the extraordinary remedy of dismissal of the entire indictment was not warranted, but we agree with County Court that certain counts are multiplicitous and affirm their dismissal on that basis.

By statute, a grand jury proceeding is defective when it "fails to conform to the requirements of [CPL article 190] to such [a] degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]; *see People v Huston*, 88 NY2d 400, 409 [1996]). This presents a question of law (*see People v Adessa*, 89 NY2d 677, 684-685 [1997]). Dismissal is a drastic, exceptional remedy and "should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (*People v Huston, supra* at 409; *see People v Serkiz*, 17 AD3d 28, 30 [2005]; *People v Martinez*, 271 AD2d 810, 810 [2000]). "The likelihood of prejudice turns on the particular facts of each case, including the weight and nature of the admissible proof adduced to support the indictment and the degree of inappropriate prosecutorial influence or bias" (*People v Huston, supra* at 409). Under established law, not every elicitation of hearsay testimony renders an indictment defective and, "[t]ypically, the submission of some inadmissible evidence will

be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (*id.*, citing *People v Avant*, 33 NY2d 265, 271 [1973]; *accord People v Hunt*, 18 AD3d 891, 893 [2005]; *see People v Butcher*, 11 AD3d 956, 958 [2004], *lv denied* 3 NY3d 755 [2004]; *People v Crandall*, 306 AD2d 748, 749 [2003], *lv denied* 100 NY2d 619 [2003]; *People v Spencer*, 289 AD2d 877, 879 [2001], *lv denied* 98 NY2d 655 [2002]; *People v Carey*, 241 AD2d 748, 751 [1997, *lv denied* 90 NY2d 1010 [1997]; *see also People v Maye*, 18 AD3d 1026, 1028 [2005]). Of course, in rare cases where the improprieties rise to the level of impairing the proceedings and creating a likelihood or real potential for prejudice, dismissal is required notwithstanding the sufficiency of the evidence (*see People v Huston, supra* at 410; *see also People v Adessa, supra* at 686).

In this case, the victim testified before the grand jury to five occasions between midsummer 2001 and March 2002 in which defendant forcibly subjected her to certain similar described sexual contact when she was 12 to 13 years old. The incidents occurred after her mother and defendant had separated, during Sunday visitation at defendant's house or camp with her younger brother, who is defendant's son. The victim testified that she did not tell anyone and denied it to her mother when initially asked, because defendant told her that he would go to jail and would not be able to see her younger brother, who she did not want to get mad at her. The mother then testified that in August 2001, one of defendant's friends told her "something wasn't right, something was going on between [defendant] and [her daughter]," that he would "always call her into his camper." When she questioned them, both defendant and the victim stated that nothing was going on. The following month, a man who had lived with defendant made similar remarks to the mother on two occasions. When the mother questioned her, the victim "broke down" and "started telling me that he's touching her," which the mother reported to police. Defendant also testified before the grand jury denying any sexual contact, which he claimed would have been impossible as other people were always around. He testified that he believed that the mother fabricated these charges in order to gain sole custody of their son.

In view of the sufficiency of the admissible proof which supports the indictment, we do not find that the elicitation of the mother's hearsay testimony concerning why she came to suspect the abuse—and how she confirmed it and responded—required dismissal of the indictment (*see People v Huston, supra* at 409; *People v Butcher, supra* at 958; *People v Crandall, supra* at 749; *People v Spencer, supra* at 879). The admissibility of this

testimony under the "prompt outcry" or other hearsay exception is a matter to be resolved for trial (*see People v McDaniel*, 81 NY2d 10, 16 [1993]), and we note only that its ultimate suppression at trial would not render this indictment invalid (*see People v Martinez*, 271 AD2d 810, 811 [2000], *supra*). While the mother's testimony may have operated in some small measure to bolster the victim's account, and cognizant that the jury was presented with a credibility determination, we find that there is no real possibility that this testimony prejudiced the ultimate decision reached by the grand jury (*see People v Huston*, 88 NY2d 400, 409 [1996], *supra*). The mother did not testify that defendant's friends suspected or had witnessed *sexual* activity, and her testimony pertained mostly to the location and opportunity to commit the incidents as the victim described. There was no overall pattern of misconduct which permeated these proceedings and the admission of hearsay evidence did not render the indictment defective (*see* CPL 210.35 [5]). Accordingly, the indictment should not have been dismissed on this basis.

We agree with County Court, however, that 10 counts in the indictment charge the same crime as 10 other counts and should be dismissed as multiplicitous[1] (*see People v Kindlon*, 217 AD2d 793, 795 [1995], *lv denied* 86 NY2d 844 [1995]; *see also People v Nailor*, 268 AD2d 695, 696 [2000]). Specifically, *for each of the five separate occurrences*, defendant was charged with *two* counts of sexual abuse in the first degree for subjecting the victim to sexual contact, both counts for forcibly touching the victim (*see* Penal Law § 130.65 [1])—one for touching her genital area and the other for touching her breast. Likewise, *for each of the five incidents*, defendant was charged with *two* counts of sexual abuse in the second degree for having sexual contact with a victim under age 14 (*see* Penal Law § 130.60 [2])—one count for touching the victim's genital area and one count for touching her breast. However, the victim's testimony permits only the conclusion that each of the five incidents of "[s]exual contact" (*see* Penal Law § 130.00 [3]) constituted but a single, uninterrupted occurrence of forcible compulsion (*see* Penal Law § 130.65 [1]) and contact with a person under age 14 (*see* Penal Law § 130.60 [2]; *cf. People v Grosso*, 281 AD2d 986, 988 [2001], *lv denied* 96 NY2d 800 [2001]). That is, the fact that defendant

---

1. The nonappealing defendant may assert his entitlement to dismissal of some counts of the indictment based upon multiplicity as an alternative ground for partial affirmance of County Court's dismissal order (*see Matter of Save The Pine Bush v New York State Dept. of Envtl. Conservation*, 289 AD2d 636, 637-638 [2001], *lv denied* 97 NY2d 611 [2002]).

allegedly touched both areas of the victim's sexual or intimate parts during each of the abuse incidents does not constitute separate, indictable acts of "sexual contact" for each such part touched during the same incident.[2] Thus, defendant can only be charged—*for each incident*—with one count (not two) of first degree sexual abuse by forcible compulsion for all forcible "sexual contact" (*see* Penal Law § 130.65 [1]), and one count (not two) of second degree sexual abuse for all sexual contact with the victim under age 14 (*see* Penal Law § 130.60 [2]). Accordingly, counts 3, 4, 7, 8, 11, 12, 15, 16, 19 and 20 must be dismissed.

Cardona, P.J., Crew III, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as granted defendant's motion to dismiss counts 1, 2, 5, 6, 9, 10, 13, 14, 17, 18, 21, 22 and 23; motion denied to that extent and said counts reinstated; and, as so modified, affirmed.

---

**2.** Notably, at any time prior to trial, the prosecutor may serve upon defendant and file with the trial court another amended bill of particulars to add the factual allegations related to the dismissed counts to the remaining counts (*see* CPL 200.95 [8]).