■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JASON QUINTANA, Also Known as MIGUEL PAULINO, Respondent. [831 NYS2d 114]—

Order, Supreme Court, New York County (Renee A. White, J.), entered on or about September 6, 2005, which, to the extent appealed from, dismissed the counts of the indictment charging escape in the first degree and burglary in the second degree, unanimously affirmed.

The court properly found that the evidence permitted a reasonable inference that defendant acted under duress (*see* Penal Law § 40.00; *People v Speros*, 186 AD2d 434 [1992]), that therefore the People were required to charge the grand jurors on that defense (*see People v Goetz*, 68 NY2d 96, 115 [1986]), and that their failure to do so impaired the integrity of the grand jury proceeding to such a degree that defendant may have been prejudiced (*see People v Valles*, 62 NY2d 36 [1984]). Although the grand jury could have credited portions of

defendant's testimony that established the defense of duress, the prosecutor did not give an instruction on that defense. Moreover, in response to a grand juror's questions, the prosecutor mentioned the duress defense, but incorrectly advised the panel that "affirmative defenses do not apply to the grand jury." We conclude that duress is an example of an affirmative defense that, unlike the insanity defense, would prevent an unfounded prosecution if accepted by the grand jury (*see People v Lancaster*, 69 NY2d 20, 26-28 [1986], *cert denied* 480 US 922 [1987]).

In addition, the court properly found that the evidence before the grand jury was legally insufficient to establish the charge of first-degree escape. The only evidence as to the nature of the charge for which defendant was being arrested (*see* Penal Law § 205.15 [2]) was inadmissible hearsay, provided by an officer with no personal knowledge relating to the element at issue (*see* CPL 190.30). Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Catterson, JJ.