■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NADEEM MUJAHID, Respondent. [846 NYS2d 708]—

Kane, J. Appeal from an order of the County Court of Albany County (Herrick, J.), entered October 30, 2006, which granted defendant's motion to dismiss the indictment.

Defendant owned a convenience store that was a target of an undercover investigation into the sale of cigarettes bearing counterfeit excise tax stamps. After defendant twice purchased cartons of what he believed to be untaxed cigarettes from a confidential informant, a grand jury proceeding was held. The grand jury handed up an indictment charging defendant with seven crimes related to his purchase of these cigarettes. Following arraignment, defendant moved for, among other things, dismissal of the indictment based upon deficiencies in the grand jury proceeding. County Court granted the motion, finding that the prosecutor improperly introduced evidence of defendant's uncharged crimes and provided an insufficient instruction on the defense of entrapment. The People appeal.

The prosecutor's introduction of evidence concerning uncharged crimes did not require dismissal of the indictment. An indictment will be dismissed based upon defective grand jury proceedings only when "the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]; see CPL 210.20 [1] [c]). Dismissal is an exceptional remedy which should be limited to instances where prosecutorial wrongdoing or errors potentially prejudice the grand jury's ultimate decision (see People v Huston, 88 NY2d 400, 409 [1996]). "Even where inadmissible evidence is presented to a grand jury, such will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (People v Crandall, 306 AD2d 748, 749 [2003], lv denied 100 NY2d 619 [2003]; see People v Huston, 88 NY2d at 409).

Here, the prosecutor did not err in introducing evidence that defendant offered to help the informant conceal money which was being taken outside the country, money allegedly constituting the proceeds of an illegal cigarette tax evasion enterprise. These actions were relevant to defendant's intent to commit the crimes charged, his knowledge that he was engaged in illegal

activity and his entrapment defense by showing his willingness to further this illegal operation (*see People v Calvano*, 30 NY2d 199, 205-206 [1972]; *People v Russell*, 179 AD2d 521, 522 [1992], *lv denied* 79 NY2d 952 [1992]). As information concerning these uncharged crimes fits within *Molineux* exceptions, the prosecutor was authorized to introduce this testimony. Additionally, the prosecutor addressed the purpose of this evidence by giving a limiting instruction and further elucidated the proper purpose in response to a question from a grand juror (*see People v Crandall*, 306 AD2d at 749). Considering County Court's correct determination that the evidence was sufficient to support the charges in the indictment, dismissal was not required even if the evidence of uncharged crimes should not have been admitted (*see People v Huston*, 88 NY2d at 409; *People v Crandall*, 306 AD2d at 749).

The prosecutor's instructions on the defense of entrapment did not require dismissal of the indictment. A prosecutor need not instruct on defenses which are merely suggested by the evidence, but must instruct a grand jury on complete defenses which the evidence supports, thus potentially eliminating a needless or unfounded prosecution (*see People v Mitchell*, 82 NY2d 509, 514-515 [1993]; *People v Lancaster*, 69 NY2d 20, 26-27 [1986], *cert denied* 480 US 922 [1987]; *People v Johnson*, 277 AD2d 702, 703-704 [2000], *lv denied* 96 NY2d 831 [2001]). Although entrapment is a complete defense (*see* Penal Law § 40.05; *compare People v Quintana*, 36 AD3d 505, 506 [2007], *lv denied* 9 NY3d 868 [2007]), the evidence here only suggested, but did not establish, that defense. Accordingly, the prosecutor was not required to instruct the grand jury regarding entrapment.

In any event, the prosecutor's entrapment instructions were not so deficient as to require dismissal of the indictment. Grand juries need not be instructed with the same precision required in charging a trial jury (*see People v Valles*, 62 NY2d 36, 38 [1984]; *People v Cannon*, 210 AD2d 764, 766 [1994]). But the prosecutor must provide adequate guidance to permit the grand jury to carry out its function of intelligently determining whether a crime has been committed and if the elements of that crime have been established by legally sufficient evidence (*see People v Valles*, 62 NY2d at 38; *People v Wade*, 260 AD2d 946, 947 [1999]). "The test is whether the instructions were so deficient as to impair the integrity of the [g]rand [j]ury's deliberations" (*People v Cannon*, 210 AD2d at 766 [citations omitted]). The prosecutor here did not read the statutory definition of entrapment, but his instructions addressed the crucial

elements of the defense (*see* Penal Law § 40.05). Defendant does not point to any particular portion of the statute that was omitted which caused him prejudice. Hence, we find that the instructions were not so deficient as to prejudice defendant or impair the integrity of the grand jury proceedings (*see People v Wade*, 260 AD2d at 947-948).

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, motion to dismiss the indictment denied, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.