■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICK W. HUNTINGTON, Respondent. [869 NYS2d 702]—

Malone Jr., J.

Defendant was involved in a series of incidents on February 22, 2008 in the Town of Ticonderoga, Essex County, including a physical altercation with his girlfriend and her friend, both of whom were minors, after he provided them with alcohol. As a result, he was charged in an eight-count indictment with, among other things, assault in the first degree, two counts of coercion in the first degree and two counts of unlawfully dealing with a child in the first degree. Defendant subsequently moved, among other things, to dismiss certain counts of the indictment. County Court granted the motion to the extent of dismissing the assault charge, the two coercion charges and the unlawfully dealing with a child charges. The People now appeal.

We affirm. Initially, we find no error in County Court's dismissal of the assault charge due to the prosecutor's failure to give the proper instruction to the grand jury. Defendant was charged with assault in the first degree under Penal Law § 120.10 (3), which provides that a person is guilty of such crime when, "[u]nder circumstances evincing a *depraved indifference* to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person" (emphasis added). Depraved indifference is a culpable mental state (*see People v Feingold*, 7 NY3d 288, 294 [2006]) and an essential element of the crime of assault in the first degree (*see* Penal Law § 120.10 [3]). Moreover, it is not a term with a common meaning for it has been described as " 'an utter disregard for the value of human life—a willingness to act not because one intends harm, but because one simply doesn't care whether grievous harm results or not' " (*People v Feingold*, 7 NY3d at 296, quoting *People v Suarez*, 6 NY3d 202, 214 [2005]; *see People v Corliss*, 51 AD3d 79, 82 [2008]).

In the case at bar, the prosecutor did not provide a specific instruction to the grand jury on the meaning of depraved indifference. In determining whether this omission was fatal, we must look to " 'whether the instruction[ ] [was] so deficient as to impair the integrity of the [g]rand [j]ury's deliberations' " (*People v Wade*, 260 AD2d 946, 947 [1999], quoting *People v Cannon*, 210 AD2d 764, 766 [1994]; *see People v Calbud, Inc.*, 49 NY2d 389, 396 [1980]; *People v Corliss*, 51 AD3d at 82). While a prosecutor need not provide specific instructions on the elements of a crime which have an obvious meaning (*see People v Levens*, 252 AD2d 665, 666 [1998], *lv denied* 92 NY2d 927 [1998]; *People v Rockwell*, 97 AD2d 853, 854 [1983]), depraved indifference is not such a term (*see People v Feingold*, 7 NY3d at 296; *People v Corliss*, 51 AD3d at 82). Accordingly, without an

appropriate instruction on this element, we find that the grand jury's integrity in deliberations was impaired when it considered the assault charge and County Court properly dismissed this count of the indictment.

As for the coercion and unlawfully dealing with a child charges, the grand jury transcript discloses that the prosecutor simply read the Penal Law provisions defining coercion in the first degree and unlawfully dealing with a child in the first degree without referencing any of the facts pertaining to the location of the offenses or the victims involved. Notably, the instructions were identical with regard to each of the coercion charges and with each of the unlawful dealing with a child charges, rendering it impossible for the grand jury to differentiate which evidence supported which charges. Without more specific instructions in this regard, the grand jury could not "intelligently . . . decide whether a crime has been committed and . . . determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d at 394-395; *see People v Levens*, 252 AD2d at 666). Therefore, County Court properly dismissed these counts of the indictment as well.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed.