The People of the State of New York, Respondent,
against
Mary Donovan, Appellant. 




Nassau County Legal Aid Society (Tammy Feman and Dori Cohen of counsel), for appellant.
Nassau County District Attorney (Sarah S. Rabinowitz and Brian Witthuhn of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (Anthony W. Paradiso, J.), rendered May 12, 2017. The judgments convicted defendant, upon jury verdicts, of driving while intoxicated (per se) and driving while intoxicated (common law), respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed.
Insofar as is relevant to this appeal, the People charged defendant, in separate simplified traffic informations, with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), respectively. The supporting deposition alleged that, shortly after 7:00 a.m. on August 4, 2015, defendant was discovered asleep at the wheel of her automobile, which was stopped in the travel lane of Imperial Avenue, a residential street in New Hyde Park. Upon being awakened by the arresting officer, defendant exhibited several indicia of alcoholic beverage consumption. A test of her blood alcohol content produced a reading of .16 of one per centum by weight. Following a jury trial, defendant was convicted of the two driving while intoxicated offenses. On appeal, defendant contends that the facts set forth in the supporting deposition were insufficient to [*2]establish that she had operated her vehicle while intoxicated, that the trial proof was legally insufficient to establish that the operation and intoxication were simultaneous, and, in any event, that the guilty verdicts were against the weight of the evidence.
In the context of a simplified traffic information, a supporting deposition must set forth facts providing reasonable cause to believe that the defendant committed the offenses charged (see CPL 70.10 [2]; 100.25 [2]; People v Hohmeyer, 70 NY2d 41, 43 [1987]; People v Delprete, 62 Misc 3d 128[A], 2018 NY Slip Op 51872[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Ermmarino, 60 Misc 3d 50, 55 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). While the supporting deposition herein did not include allegations of direct observations of defendant operating her vehicle or facts establishing actual operation, such as a key in the ignition or that the engine was running (see e.g. People v Prescott, 95 NY2d 655, 662 [2001]; People v Alamo, 34 NY2d 453, 459 [1974]; People v Ramlall, 47 Misc 3d 141[A], 2015 NY Slip Op 50621[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] [and citations therein]), the supporting deposition is sufficient to plead operation. The deposition includes defendant's statements to the arresting officer to the effect that she had been "drinking at the bar with [her] friends," that she was "intoxicated," and that she had driven her vehicle to Imperial Avenue where she had stopped, "to sleep," because she did not believe she could "make it home all the way out east." Whether operation and intoxication occurred simultaneously may be established circumstantially (see People v Green, 59 Misc 3d 134[A], 2018 NY Slip Op 50490[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Sieber, 40 Misc 3d 133[A], 2013 NY Slip Op 51143[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]), that is, "without the necessity of eyewitness testimony that the defendant had actually been observed operating the vehicle" (People v Ramlall, 47 Misc 3d 141[A], 2015 NY Slip Op 50621[U], *1; see also People v Booden, 69 NY2d 185 [1987]). As with any accusatory instrument, we may adopt all reasonable inferences that may be drawn from the facts (see People v Jackson, 18 NY3d 738, 747 [2012]), and we need not require that the facts "negate all possible defenses or make assertions responsive to every interpretation of facts potentially favorable to the defendant" (People v Bello, 55 Misc 3d 152[A], 2017 NY Slip Op 50769[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see also People v Guaman, 22 NY3d 678, 681-682 [2014]). While there was no factual allegation as to precisely when defendant had parked her vehicle in the Imperial Avenue driving lane, given her admissions as to operation and the indicia of intoxication exhibited to the arresting officer while she was seated behind the wheel of her vehicle, "there is no rational explanation for her presence there other than that she was not at the starting point of her journey" (People v Sieber, 40 Misc 3d 133[A], 2013 NY Slip Op 51143[U], *2), and that she had arrived there in a state of intoxication. Thus, the offenses were sufficiently pleaded since " 'all inferences other than simultaneous operation and intoxication [were] excluded' " (People v Spencer, 289 AD2d 877, 879 [2001], quoting People v Saplin, 122 AD2d 498, 499 [1986]).
With respect to the legal sufficiency of the trial proof as to simultaneous operation and intoxication, contrary to the People's contention, defendant's motions for a trial order of dismissal sufficed to identify that alleged insufficiency with the requisite particularity (see CPL 470.05 [2]; People v Carncross, 14 NY3d 319, 324 [2010]; People v Hawkins, 11 NY3d 484, 491-492 [*3][2008]; People v Gray, 86 NY2d 10, 19 [1995]). Indulging in " 'all reasonable evidentiary inferences' " in the People's favor (People v Gordon, 23 NY3d 643, 649 [2014], quoting People v Delamota, 18 NY3d 107, 113 [2011]), we find, in light of the strong circumstantial evidence of defendant's recent operation of her vehicle and the abundant corroboration of her admissions as to operation (see CPL 60.50), that the evidence established, beyond a reasonable doubt, that defendant had operated her vehicle when she had been intoxicated (see Vehicle and Traffic Law § 1192 [3]) and when her blood alcohol content had been above .08 of one percentum by weight (see Vehicle and Traffic Law § 1192 [2]).
In the exercise of our factual review authority (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and assess their credibility (People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Here, we find no basis to disturb the verdicts, as the testimonies of the People's witnesses were " 'coherent, internally and collectively consistent, and generally credible' " as to material issues (People v Zgonena, 61 Misc 3d 134[A], 2018 NY Slip Op 51507[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2018], quoting People v Broomfield, 55 Misc 3d 137[A], 2017 NY Slip Op 50506[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., TOLBERT and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 12, 2019