THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MARCHESE, Appellant.—

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it

was legally insufficient to support the defendant's guilt of manslaughter in the second degree. Penal Law § 125.15 (1) provides that a person is guilty of manslaughter in the second degree when he recklessly causes the death of another. "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3]).

The defendant was charged, *inter alia,* with recklessly causing the death of the decedent. In his written and videotaped statements to the police, the defendant admitted striking the decedent with his automobile, but claimed that her death was accidental. According to the defendant, the decedent was a regular patron at a bar where he worked as a bartender. On the evening of December 25, 1984, at about 4:30 A.M., the defendant offered her a ride home. During the ride the decedent, who was intoxicated, became distraught over personal problems and started screaming. At the decedent's request, the defendant stopped the car and let her out in the roadway. As the defendant pulled away, the decedent suddenly jumped in front of the car. Although the defendant swerved to the left to avoid hitting her, he nevertheless thought he must have hit her. He did not look back to see whether she was all right nor did he report the incident to the police.

At trial, the People presented no evidence to refute the defendant's claim that the decedent's death was accidental. Indeed, the prosecution's own accident reconstruction expert confirmed that the defendant's statements to the police were consistent with his own opinion of the manner in which the accident occurred, specifically, that the defendant was driving slowly and that he swerved to the left to avoid hitting the decedent. Inasmuch as the People presented no evidence whatsoever from which it could be inferred that the defendant was aware of and consciously disregarded a substantial and unjustifiable risk of causing the decedent's death, the evidence is insufficient to prove that he possessed the culpable mental state necessary to commit the crime of manslaughter in the second degree *(see, People v Montanez,* 41 NY2d 53; *People v Carrasquillo,* 136 AD2d 297).

The defendant was also charged in the second count of the indictment with criminally negligent homicide. The jury, how-

ever, was unable to reach a verdict with respect to this count. As defined in Penal Law § 15.05 (4), "[a] person acts with criminal negligence * * * when he fails to perceive a substantial and unjustifiable risk" of death which might ensue from his conduct. The distinction between manslaughter in the second degree and criminally negligent homicide is not in the nature of the risk, but in the mental state required for each crime. The reckless offender perceives the risk, but consciously disregards it; the criminally negligent offender simply fails to perceive the risk (see, People v Montanez, 41 NY2d 53, supra). Although the evidence, as previously indicated, was insufficient to establish that the defendant acted recklessly in causing the death of Harriet Mueller, we find that a viable factual issue exists with regard to the question of whether the defendant acted in a criminally negligent manner by leaving the victim, near the roadway, in a drunken and distraught condition and by failing to wait a reasonable time before driving away. Since the defendant may have failed to perceive that his actions might have placed the victim in a grave risk of death, a new trial is warranted with respect to the second count of the indictment (see, People v Licitra, 47 NY2d 554, 558; People v Haney, 30 NY2d 328; People v Gates, 122 AD2d 159).

In addition, we conclude that a new trial must be held on the defendant's conviction for leaving the scene of an accident since the trial court committed reversible error by discharging two sworn jurors and replacing them with alternates. Contrary to the People's contention, the record does not indicate that the jurors were "unable to continue serving by reason of illness or other incapacity or for any other reason [were] unavailable for continued service" (CPL 270.35; see, People v Polhill, 140 AD2d 462; People v Hewlett, 133 AD2d 417; People v Molette, 129 AD2d 651, 652-653). Since the error is not subject to harmless error analysis (see, People v Page, 72 NY2d 69, 73; People v Anderson, 70 NY2d 729, 730), reversal is mandated.

In view of our determination, we find it unnecessary to address the remaining contentions of the defendant. Mollen, P. J., Lawrence, Eiber and Kooper, JJ., concur.