■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE MARINI, Respondent.—Appeal by the People from an order of the County Court, Suffolk County (Tisch, J.), dated May 22, 1990, which granted the defendant's motion to dismiss the indictment.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings.

The defendant was indicted on charges of (1) manslaughter in the second degree (Penal Law § 125.15 [1]), (2) leaving the scene of an incident without reporting, as a felony (Vehicle and Traffic Law § 600 [2]), and (3) operating a motor vehicle while his ability to operate it was impaired by the use of alcohol (Vehicle and Traffic Law § 1192 [1]). On motion by the defendant, the County Court dismissed the first count of the indictment on the basis that the evidence presented to the Grand Jury was legally insufficient *(see,* CPL 210.20 [1] [b]). The County Court dismissed the remaining counts of the indictment on the basis that the "integrity" of the Grand Jury proceedings had been "impaired" *(see,* CPL 210.20 [1] [c]; 210.35 [5]).

The County Court not only dismissed the first count of the indictment which charged the defendant with manslaughter in the second degree, but it also determined that the evidence was legally insufficient to support the lesser included offense of criminally negligent homicide *(see,* Penal Law § 125.10). We note that, under current law, if a court determines that a lesser offense is supported by legally sufficient evidence, it has the authority to direct that the count of the indictment be amended so as to charge the lesser offense *(see,* CPL 210.20 [1] [b]; [1-a], as amended by L 1990, ch 209).

Upon our review of the Grand Jury minutes, we conclude that the evidence was legally sufficient to support the charge of manslaughter in the second degree *(see generally, People v Montanez,* 41 NY2d 53; *People v Marchese,* 158 AD2d 473; *People v Battease,* 124 AD2d 807; *People v Puma,* 97 AD2d 740). We also find that the prosecutor's introduction of evidence that the defendant had been driving his vehicle with a suspended license and that his vehicle had stolen license

plates did not impair the integrity of the proceeding *(see, People v Darby,* 75 NY2d 449; *People v Calbud, Inc.,* 49 NY2d 389).

The order under review should, therefore, be reversed, and the indictment should be reinstated. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.