■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO REYES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered January 2, 1991, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his guilt was proven

beyond a reasonable doubt. The evidence established that the defendant resided in the apartment where he was arrested and where the police recovered the drugs which were in plain view. Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence.

The alleged instances of prosecutorial misconduct, most of which have not been preserved for appellate review, did not constitute reversible error. While some of the prosecutor's comments might otherwise have exceeded the bounds of permissible rhetoric, they were not unreasonable in light of the comments made by the defense counsel during summation (see, People v Rawlings, 144 AD2d 500; People v Centino, 133 AD2d 776). Contrary to the defendant's contention, the prosecutor did not improperly use the defendant's post-arrest silence, since the trial court sustained the defendant's objection and prevented the witness from testifying as to whether the defendant made a statement after his arrest.

Moreover, the defendant's contentions with respect to the trial court's charge are unpreserved for appellate review and, in any event, without merit. The trial court's charge as a whole conveyed the appropriate burden of proof to the jury (see, People v Cruz, 172 AD2d 383; People v Molina, 171 AD2d 578, 579). Also, although it was unnecessary for the trial court to embellish the wording of CPL 300.10 (2) relating to the defendant's decision not to testify, the defendant was not prejudiced by the charge. The charge was consistent with the statute and was not so unduly lengthy as to prejudicially draw the jury's attention to the issue (see, People v Davidson, 150 AD2d 717; People v Morris, 129 AD2d 591).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.