■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMSON SANDVEN, Appellant. [731 NYS2d 12] —Judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered July 28, 1999, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. On the contrary, we find that the evidence that defendant broke a glass door, entered a restaurant, and stole a cash register was overwhelming.

The court properly denied defendant's request for a jury instruction on the evaluation of a wholly circumstantial case since defendant's guilt was established, in part, through direct evidence, including testimony that, seconds after there was a sound of glass breaking, defendant was at the entrance of the restaurant, walking away with a cash register (*see, People v Roldan*, 88 NY2d 826; *People v DeMarco*, 227 AD2d 106, *lv denied* 88 NY2d 965). Contrary to defendant's assertion, he was not simply seen walking in the street with the cash register. In any event, were we to find the court's refusal to deliver a circumstantial evidence charge to be error, we would find such error to be harmless in view of the overwhelming evidence of defendant's guilt. Moreover, the court's charge did provide a proper explanation of direct and circumstantial evidence.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged portions of the summation generally constituted fair comment on the evidence in response to defense counsel's summation and that there was no pattern of egregious remarks warranting reversal (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

The court properly denied defendant's motion to dismiss the indictment. Although hearsay was elicited during the Grand Jury proceedings, the prosecutor took immediate action and issued appropriate, if inexact, instructions to the jury. In any event, there was additional, competent evidence before the Grand Jury to support the indictment (*see, People v Swamp*, 84 NY2d 725). The isolated instances of hearsay did not impair the integrity of the proceedings and did not warrant dismissal of the indictment (*see, People v Darby*, 75 NY2d 449, 455).

We have considered and rejected defendant's remaining claims. Concur—Sullivan, P. J., Nardelli, Williams and Mazzarelli, JJ.