■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN RAMIREZ, Appellant. [751 NYS2d 248] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered August 12, 1999, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the integrity of the grand jury proceedings was impaired by the introduction of evidence that he had previously committed an unrelated homicide. We disagree.

CPL 210.35 (5) provides that a grand jury proceeding is defective when "the integrity thereof is impaired and prejudice to the defendant may result." "Dismissal of indictments under CPL 210.35 (5) should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston,* 88 NY2d 400, 409).

The introduction of evidence that the defendant previously committed an unrelated homicide did not impair the integrity of the proceedings or prejudice him in light of the overwhelming evidence before the grand jury that he committed the crimes charged (*see People v Huston, supra; People v Smith,* 289 AD2d 597, 598). Here, two eyewitnesses identified the defendant as the person who shot and killed the victim.

The defendant further contends that the trial court erred in rejecting the defense counsel's peremptory challenge of a prospective white male juror, who had served on a prior murder trial, on the ground that the explanation offered by the defense counsel was pretextual (*see Batson v Kentucky,* 476 US 79).

In view of the fact that the defense counsel exercised 11 of his 15 peremptory challenges against prospective white jurors, the record supports the trial court's determination that the explanation provided by the defense counsel for exercising a peremptory challenge of the prospective white juror who served on a prior murder trial was pretextual, and that determination will not be disturbed on appeal (*see People v Brown,* 280 AD2d 609; *People v Fergas,* 272 AD2d 340; *People v Covington,* 238 AD2d 604). O'Brien, J.P., Krausman, Townes and Cozier, JJ., concur.