■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRISHA McPHERSON, Appellant. [789 NYS2d 245]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered June 26, 2001, convicting her of murder in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Roe,* 74 NY2d 20, 25 [1989]; *People v Smith,* 255 AD2d 404 [1998]; *People v Rosil,* 240 AD2d 439 [1997]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that she did not knowingly, voluntarily, and intelligently waive her right to a jury trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Brunson,* 307 AD2d 323 [2003]), and, in any event, is without merit (*see People v Buckley,* 299 AD2d 417 [2002]; *People v Livingston,* 184 AD2d 529 [1992]). Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRISHA McPHERSON, Appellant. [789 NYS2d 244]—Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (D'Emic, J.), dated January 12, 2004, which denied, without a hearing, her motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered June 26, 2001, convicting her of murder in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the order is affirmed.

The Supreme Court erred in concluding that the defendant's motion to vacate her conviction was procedurally barred, since her claim of ineffective assistance of counsel involves matter dehors the record (*see* CPL 440.10). Nevertheless, the defendant failed to establish, prima facie, that she was deprived of meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]). Thus, the court properly denied the motion without a hearing (*see* CPL 440.30 [4], [5]; *People v Satterfield,* 66 NY2d 796 [1985]).

The defendant's remaining contentions are without merit. Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.