THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRISHA McPHERSON, Appellant. [825 NYS2d 772]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered June 26, 2001, convicting her of murder in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. By decision and order dated January 31, 2005, the judgment was affirmed (*see People v McPherson,* 14 AD3d 718 [2005]). By opinion of the Court of Appeals dated December 22, 2005, the decision and order of this Court was reversed as to murder in the second degree, and the matter was remitted to this Court for further proceedings (*see People v*

*Suarez,* 6 NY3d 202 [2005]). Justice Mastro has been substituted for former Justice Luciano (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the defendant's conviction of murder in the second degree to manslaughter in the second degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the conviction of manslaughter in the second degree.

Following a nonjury trial, the defendant was convicted of depraved indifference murder (Penal Law § 125.25 [2]). Although the evidence was legally insufficient to establish that the defendant acted with the depravity and indifference to human life required for a conviction of that crime (*see People v Suarez,* 6 NY3d 202 [2005]), the evidence was legally sufficient to establish the lesser included offense of manslaughter in the second degree (*see* Penal Law 125.15 [1]; *People v McMillon,* 31 AD3d 136 [2006], *lv denied* 7 NY3d 815 [2006]). Accordingly, we modify the judgment by reducing the conviction from murder in the second degree to manslaughter in the second degree (*see People v Atkinson,* 7 NY3d 765 [2006]; *People v Rodriguez,* 33 AD3d 730 [2006]; *People v McMillon, supra),* and remit the matter to the Supreme Court, Kings County, for sentencing on that conviction (*see* CPL 470.20 [4]).

The parties' remaining contentions are without merit. Schmidt, J.P., Ritter, Mastro and Lifson, JJ., concur.