■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DDAN WALTON, Respondent. [895 NYS2d 175]—

872

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Kase, J.), dated February 23, 2009, as, upon reviewing the grand jury minutes pursuant to a stipulation in lieu of motions, dismissed the indictment on the ground that the grand jury proceeding was defective within the meaning of CPL 210.35 (5).

Ordered that the order is reversed insofar as appealed from, on the law and the facts, the indictment is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the indictment.

A grand jury indicted the defendant on charges of, inter alia, murder in the second degree (Penal Law § 125.25 [2]), manslaughter in the second degree (Penal Law § 125.15 [1]), and reckless driving (Vehicle and Traffic Law § 1212) for allegedly engaging in an extremely high speed and dangerous car race or chase on the westbound Southern State Parkway while intoxicated from the consumption of alcohol. At some point during the race or chase, the defendant lost control of his car near a curve in the parkway. The defendant's car spun out of control, struck the center divider between the westbound and eastbound sides of the parkway, and then spun around again, before coming to its final resting point. According to the accident reconstruction expert, just before striking the center divider, the defendant's car was traveling at minimum speed of 109 miles per hour, almost twice the 55 miles-per-hour speed limit. As a result of the crash, the defendant's back-seat passenger was ejected from the car and sustained fatal injuries.

The defendant pleaded not guilty to all charges. Thereafter, pursuant to a stipulation in lieu of motions, the District Attorney agreed to provide the court with a copy of the grand jury minutes for the court to review as to, inter alia, the legal sufficiency of the evidence to support the indictment and the adequacy of the legal instructions to the grand jury.

Upon reviewing the grand jury minutes, the court dismissed the indictment on the ground that the grand jury proceeding was defective within the meaning of CPL 210.35 (5) based upon the prosecutor's improper introduction of evidence regarding the presence of a marijuana metabolite in the defendant's blood on the date of the crash and the effects of marijuana use on an individual, the prosecutor's failure to instruct the grand jury regarding the effect of intoxication on the culpable mental state of depraved indifference with respect to murder in the second degree, and the prosecutor's incorrect equating of the term "recklessly" as used in the Penal Law, with the term "reckless" as used in the Vehicle and Traffic Law, when charging the grand jury with respect to reckless driving. The People appeal.

Pursuant to CPL 210.20, the court may dismiss an indictment on the ground that "[t]he grand jury proceeding was defective, within the meaning of section 210.35" (CPL 210.20 [1] [c]). As is relevant to this appeal, CPL 210.35 provides that a grand jury proceeding is defective within the meaning of CPL 210.20 (1) (c) when the proceeding "fails to conform to the requirements of [Penal Law article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). The statutory test for dismissal of an indictment pursuant to CPL 210.35 (5) "is very precise and very high" and should "be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409 [1996] [citations and internal quotation marks omitted]).

Although the prosecutor improperly elicited testimony from a forensic toxicologist about the effects of marijuana use on an individual after that witness testified that he could not determine, from the presence of a marijuana metabolite in the defendant's blood on the date of the crash, whether the defendant was, in fact, under the influence of marijuana at the time of the crash (*cf. e.g. People v D'Amico*, 261 AD2d 633, 634 [1999]), ultimately, the prosecutor instructed the grand jury to disregard all of the marijuana-related evidence, and redacted the marijuana-related information from certain documents in evidence. While the Supreme Court dismissed the prosecutor's efforts in that regard as ineffectual, the grand jury is presumed to have followed the prosecutor's curative instructions, dispelling any prejudice to the defendant (*see People v Sandven*, 287 AD2d 279, 280 [2001]; *People v Di Fondi*, 275 AD2d 1018 [2000]; *see generally People v Sullivan*, 68 NY2d 495, 502 [1986]).

In any event, in the context of a grand jury proceeding,

"[t]ypically, the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (*People v Huston*, 88 NY2d at 409; *see People v Hansen*, 95 NY2d 227, 233 [2000]; *see also People v Darby*, 75 NY2d 449, 454 [1990]; *People v Ramirez*, 298 AD2d 413 [2002]; *People v Smith*, 289 AD2d 597, 598 [2001]; *People v Marini*, 173 AD2d 742, 743 [1991]). Here, the evidence regarding the presence of a marijuana metabolite in the defendant's blood was not necessary to sustain any of the counts charged in the indictment.

Further, contrary to the Supreme Court's determination that the prosecutor should have instructed the grand jury regarding the effect of intoxication on the culpable mental state of depraved indifference, "a prosecutor is not required to present mitigating defenses to a grand jury" (*People v Harris*, 98 NY2d 452, 475 [2002]; *see People v Valles*, 62 NY2d 36, 39 [1984]; *People v Hosein*, 221 AD2d 563, 563 [1995]). Intoxication, like a mitigating defense, "merely reduces the gravity of the offense by negating an element" (*People v Harris*, 98 NY2d at 475). In the context of depraved indifference murder, a successful intoxication "defense" will usually result only in mitigation to the lesser offense of reckless manslaughter, a crime for which the grand jury herein indicted the defendant (*see e.g. People v Atkinson*, 7 NY3d 765, 766 [2006]; *People v Jean-Baptiste*, 44 AD3d 792, 793 [2007]; *People v McPherson*, 35 AD3d 765, 766 [2006]).

Addressing the prosecutor's admittedly improper equating of the term "recklessly" as used in the Penal Law, with the term "reckless" as used in the Vehicle and Traffic Law, a prosecutor's instructions to the grand jury are "sufficient if the [prosecutor] provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d 389, 394-395 [1980]). Generally, the foregoing standard may be satisfied by the prosecutor reading to the grand jury the statute under which the defendant is sought to be charged (*id*. at 395 n 1).

Here, when instructing the grand jury regarding reckless driving under Vehicle and Traffic Law § 1212, the prosecutor tracked the relevant language of that statute. Thus, the prosecutor's instructions were sufficient (*id*.). While the prosecutor superfluously further instructed the grand jury, in effect, regarding the culpable mental state of "recklessly" as if it were an "element" of the offense of reckless driving (*see*

*People v Ackroyd,* 144 Misc 2d 149, 154 [1989]), the defendant failed to explain how he was prejudiced by the prosecutor's "mere mistake" (*People v Huston,* 88 NY2d at 409).

Based on the foregoing, contrary to the Supreme Court's finding, the prosecutor's errors during the grand jury proceeding did not "potentially prejudice the ultimate decision reached by the Grand Jury" (*id.*). Thus, dismissal of the indictment on the ground that the grand jury proceeding was defective within the meaning of CPL 210.35 (5) was not warranted. Rivera, J.P., Dickerson, Chambers and Hall, JJ., concur.