■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID READ, Respondent. [896 NYS2d 912]—

Appeal by the People from an order of the County Court,

Rockland County (Bartlett, J.), dated December 17, 2008, which granted that branch of the defendant's omnibus motion which was to dismiss the indictment, with leave to re-present the matter to a new grand jury.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the County Court, Rockland County, for further proceedings on the indictment.

Dismissal of an indictment is appropriate where the grand jury proceeding is defective in that it fails "to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]; *see* CPL 210.20 [1] [c]). As the dismissal of an indictment is a drastic and exceptional remedy (*see People v Pobliner*, 32 NY2d 356, 363 [1973], *cert denied* 416 US 905 [1974]; *People v Alston*, 23 AD3d 487, 488 [2005]), dismissal "should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409 [1996]; *see People v Ramirez*, 298 AD2d 413 [2002]).

Here, the grand jury proceeding did not fail to conform to the requirements of CPL article 190 to such a degree that the integrity thereof was impaired and, in view of the sufficiency of the admissible proof which supports the indictment, even if some of the testimony elicited was inadmissible, no prejudice to the defendant could have resulted therefrom (*see* CPL 210.20 [1] [c]; 210.35 [5]; *People v Huston*, 88 NY2d at 409; *People v Kennedy*, 69 AD3d 881, 882 [2010]; *People v Moffitt*, 20 AD3d 687, 689 [2005]).

In light of the foregoing, we need not address the People's remaining contentions. Prudenti, P.J., Balkin, Leventhal and Austin, JJ., concur.