Appeal by the People from an order of the Supreme Court, Rockland County (Kelly, J.), entered November 18, 2009, which granted that branch of the defendant’s omnibus motion which was, in effect, pursuant to CPL 210.35 (5) to dismiss the indictment.
Ordered that the order is reversed, on the law, that branch of the defendant’s omnibus motion which was, in effect, pursuant to CPL 210.35 (5) to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings.
Dismissal of an indictment pursuant to CPL 210.35 (5) is appropriate where the grand jury proceeding is defective in that it fails “to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result” (CPL 210.35 [5]; see 210.20 [1] [c]). “The exceptional remedy of dismissal . . . under CPL 210.35 (5) should ... be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury” (People v Huston, 88 NY2d 400, 409 [1996]; see People v Ramirez, 298 AD2d 413 [2002]). “Typically, the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment” {People v Huston, 88 NY2d at 409).
Here, although the prosecutor improperly elicited testimony which constituted inadmissible hearsay, the grand jury proceeding did not fail to conform to the requirements of CPL article 190 to such a degree that the integrity thereof was impaired and, in view of the sufficiency of the independent, admissible proof which supported the indictment, no prejudice to the defendant could have resulted from the improperly elicited testimony (see CPL 210.20 [1] [c]; 210.35 [5]; People v Read, 71 AD3d 1167, 1168 [2010]; People v Walton, 70 AD3d 871, 873 [2010]; People v Moffitt, 20 AD3d 687, 689 [2005]; cf. People v Huston, 88 NY2d at 409-411).
In light of the foregoing, we need not address the People’s remaining contentions. Covello, J.P, Angiolillo, Leventhal and Austin, JJ., concur.