■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT K. BROWN, Appellant. [910 NYS2d 685]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered February 13, 2009, convicting him of unauthorized use of a vehicle in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the grand jury proceeding failed to conform to the requirements of CPL article 190 to such a degree that the integrity thereof was impaired is without merit. In view of the sufficiency of the independent, admissible proof which supported the indictment, no prejudice to the defendant could have resulted from the introduction of evidence of his prior convictions for criminal possession of stolen property in the fourth and fifth degrees (*see People v Miles*, 76 AD3d 645 [2010]; *People v Read*, 71 AD3d 1167, 1168 [2010]; *People v Ramirez*, 298 AD2d 413 [2002]).

The defendant's contention that the portion of the jury charge on recent and exclusive possession of stolen property impermissibly shifted the burden of proof to him is unpreserved for appellate review, as he did not object to this portion of the charge at trial (*see People v Lemos*, 244 AD2d 429, 430 [1997]). In any event, contrary to the defendant's contention, the charge, as a whole, conveyed the appropriate burden of proof (*see People v Reyes*, 187 AD2d 737, 738 [1992]). Skelos, J.P., Fisher, Santucci and Leventhal, JJ., concur.