[8 NYS3d 546]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v BRUCE BORZON, Defendant.

Supreme Court, Bronx County, February 26, 2015

## APPEARANCES OF COUNSEL

*Robert T. Johnson, District Attorney (Justin Siebel* of counsel), for plaintiff.

*Barket Marion Epstein & Kearon, LLP (Brendan Ahern* and *Steven Epstein* of counsel) for defendant.

## OPINION OF THE COURT

RICHARD LEE PRICE, J.

### I. Background and Procedural Posture

Defendant is charged with four counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [3] [as an E felony, a D felony, and a misdemeanor]; Vehicle and Traffic Law § 1192 [1]). By decision and order dated November 14, 2014, this court, finding that the refusal warnings administered to the defendant were not clear and unequivocal, suppressed "defendant's subsequent refusal, all related statements, the IDTU videotape, and any corresponding evidence or testimony."*

By motion submitted January 28, 2015, the People move for leave to reargue suppression of the intoxicated driver testing unit (IDTU) videotape in its entirety, arguing that the "portion where the defendant is being carried into the 45 Precinct by

---

* As part of that decision, this court also granted defendant's application for an adverse inference charge relating to the destruction of the 911 audiotape recording. Concluding, however, that the defendant's arrest was supported by probable cause and that there was a reasonable basis to request he submit to a chemical blood-alcohol breath test, defendant's motion to suppress was otherwise denied.

the arresting officer and his partner . . . should not be suppressed as it is not related to the defendant's subsequent refusal" (*see* affirmation in support of motion to reargue ¶ 2 [unnumbered] at 3).

## II. Leave to Reargue

At the outset, this court notes that nothing contained in the CPL provides for leave to reargue. But the CPLR does, and this court is constrained to follow it. While the Appellate Division, First Department, opined the CPLR has "no application to criminal actions and proceedings," it was in the context of the defendants' oral motion to set aside the verdict that the court orally decided on the record (*People v Silva*, 122 AD2d 750, 750 [1986]). In *Silva*, the First Department found defendants' claim that the appeal was "procedurally flawed" pursuant to CPLR 2220 invalid because the People were not required to serve a copy of the written order as a prerequisite to appeal where the order was entered orally on the record (*Silva* at 750). Since then, however, several courts have determined, as this court does, that where there are no applicable provisions in the CPL concerning the issue at hand, those provisions of the CPLR that address the issue may be applied in a criminal action (*see e.g. People v Davis*, 169 Misc 2d 977 [Westchester County Ct 1996, Leavitt, J.]; *People v Radtke*, 153 Misc 2d 554 [Sup Ct, Queens County 1992, Goldstein, J.]; *People v Cortez*, 149 Misc 2d 886 [Crim Ct, Kings County 1990, Stallman, J.]).

CPLR 2221 provides in pertinent part:

> "(d) A motion for leave to reargue:
> "1. shall be identified specifically as such;
> "2. shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion."

Notably, a party may not simply move to reargue. Rather, a party must ask for leave to do so by identifying that reargument is sought, and specify the basis upon which it is sought. Then, to prevail, the moving party must demonstrate that the court "overlooked or misapprehended" matters of fact or law (CPLR 2221 [d]). To be clear, the purpose of a motion to reargue is to offer the unsuccessful party an opportunity to persuade the court to change its decision, not simply provide a second opportunity to more strenuously advance its argument or pre-

sent an argument that it initially did not. Thus, to the extent the People claim this court overlooked or misapprehended matters of fact or law, leave to reargue this court's decision dated November 14, 2014, pursuant to CPLR 2221 (d), is granted.

### III. Preclusion of the IDTU Videotape Recording

■ With regard to the suppression of the IDTU videotape recording, the People fail to provide any authority that such suppression was improper other than to claim that such recordings are "merely the recorded product of the officer's own observations" (*see* affirmation in support of motion to reargue ¶ 2 [unnumbered] at 3). In other words, the videotape recording itself was not obtained in violation of the defendant's constitutional rights. With this, the court agrees. But where the videotape records or depicts evidence that itself was obtained improperly or, as was the case here, otherwise defective and inadmissible, it defies logic to permit its admission.

The sole issue, then, is whether admission of that portion of the videotape recording depicting the arresting officers carrying or assisting the defendant into the 45 Precinct, by itself, is proper. By itself, anything unrelated to defendant's refusal would not ordinarily be precluded. But here, as the defendant correctly notes, displaying several seconds of a video recording reflecting the defendant being carried or assisted without any explanation or context in which it occurred would impermissibly lead a jury to conclude the defendant was brought to that location for the purpose of administering a chemical breath test. That, in turn, would generate speculation as to whether a breath test was in fact administered, and the result of it. Worse, the only plausible remedy would be to ask the arresting officers to misrepresent the basis for bringing the defendant to the 45 Precinct. This court can sanction neither.

Accordingly, upon reargument, this court adheres to its decision granting suppression of the IDTU videotape, thus precluding admission of the videotape recording in its entirety.