People v J.S. Atl. Dental, P.C. (2022 NY Slip Op 00681)





People v J.S. Atl. Dental, P.C.


2022 NY Slip Op 00681


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
WILLIAM G. FORD, JJ.


2019-14545
2020-06983
 (Ind. No. 2160/17)

[*1]The People of the State of New York, respondent,
v
J.S. Atlantic Dental, P.C., appellant.
The People, etc., respondent, Joseph Shyknevsky, appellant.


The Law Offices of Nathaniel Z. Marmur, PLLC, New York, NY, for appellants.
Letitia James, Attorney General, New York, NY (Nikki Kowalski and Dennis A. Rambaud of counsel), for respondent.



DECISION & ORDER
Appeals by the defendants from two judgments of the Supreme Court, Kings County (Matthew A. Sciarrino, Jr., J.) (one as to each of them), both rendered December 10, 2019, convicting each of them of unauthorized practice of a profession, offering a false instrument for filing in the first degree, and falsifying business records in the first degree, upon a jury verdict, and imposing sentences. The appeals bring up for review the denial (Martin P. Murphy, J.), without a hearing, of that branch of the defendants' omnibus motion which was to controvert a search warrant and to suppress physical evidence obtained in the execution thereof.
ORDERED that the judgments are affirmed.
The defendants contend that the grand jury proceeding was defective and that the Supreme Court should have dismissed the indictment on that basis. Dismissal of an indictment pursuant to CPL 210.35(5) is warranted only where "prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (People v Huston, 88 NY2d 400, 409; see People v Addimando, 197 AD3d 106, 121; People v Walton, 70 AD3d 871, 873). Here, contrary to the defendants' contention, the prosecutor did not mislead the grand jury as to a cooperation agreement entered into with one of the witnesses but, to the contrary, revealed the existence of that agreement. Accordingly, there was no basis on which to dismiss the indictment.
The Supreme Court properly denied that branch of the defendants' omnibus motion which was to controvert a search warrant and to suppress physical evidence obtained in the execution thereof. "To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Crupi, 172 AD3d 898, 898 [internal quotation marks omitted]; see People v Edwards, 69 NY2d 814, 816). Here, contrary to the defendants' contention, the affidavit of an investigator, submitted in support of the search warrant application, provided the requisite probable cause to believe that evidence of the crime of unauthorized practice of a profession, among others, would be [*2]found in patient charts kept by the defendants (see People v Crupi, 172 AD3d at 899).
The defendants' contention that the evidence was legally insufficient to support their convictions because the testimony of an accomplice was insufficiently corroborated is preserved for appellate review (see CPL 470.05; People v Gray, 86 NY2d 10, 19; People v Lee, 80 AD3d 877, 878 n 1). However, the contention is without merit. "A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense" (CPL 60.22[1]). "'The corroborative evidence need not show the commission of the crime . . . . It is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth'" (People v Reome, 15 NY3d 188, 191-192, quoting People v Dixon, 231 NY 111, 116). Here, there was ample evidence corroborating the testimony of the accomplice (see People v Reome, 15 NY3d 188).
IANNACCI, J.P., CHAMBERS, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court