People v Esteves (2024 NY Slip Op 50725(U))

[*1]

People v Esteves

2024 NY Slip Op 50725(U)

Decided on June 13, 2024

Supreme Court, Kings County

Moses, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 13, 2024
Supreme Court, Kings County

The People of the State of New York

against
Benjamin Esteves, Defendant.

Indictment No. IND-75745-23

For the People: Tyler Tagliaferro, Esq.
Kings County District Attorney's Office
For Defendant: Alison Stocking, Esq.
Brooklyn Defender Services

H. Jacob Moses, J.

The defendant moves this Court to reargue its January 2, 2024, Decision and Order, finding the evidence legally sufficient to establish the offenses charged and to sustain the indictment. The defendant further challenges the certificate of compliance filed by the People claiming that it is invalid due to their failure to provide, pursuant to Criminal Procedure Law (CPL) section 245.20(1), Giglio material for two testifying officers. The defendant also moves to be released on his own recognizance pursuant to CPL § 30.30(2), arguing that the People have not stated ready within the statutorily permitted time. The People opposed the motion. The defendant submitted a reply in further support of his contentions. Upon review of all submissions by the parties, as well as the court file and official record, the defendant's motion is disposed as follows:
Motion to ReArgue
Nothing contained in the Criminal Procedure Law (CPL) provides a legal vehicle for a defendant to petition a court to renew, reargue, or reconsider a previously rendered decision. However, there is a body of case law which holds that where there are no applicable provisions in the CPL concerning an issue at hand, those provisions of the Civil Procedure Law and Rules (CPLR) that address the issue may be applied in a criminal action (People v. Borzon, 47 Misc 3d 914 [Supreme Ct, Bronx County 2015]; People v. Davis, 169 Misc 2d 977 [County Ct, Westchester County 1996]; People v. Radtke, 153 Misc 2d 554 [Supreme Ct, Queens County 1992]).
CPLR section 2221 provides, inter alia, "(d) A motion for leave to reargue: 2. shall be [*2]based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion."
A motion to reargue "is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided" (Foley v. Roche, 68 AD2d 558, 567 [1st Dept 1979]; Borzon at 916-17; see also Mangine v. Keller, 182 AD2d 476 [1st Dept 1992]). "A motion to reargue is based on no new proof. It just seeks to convince the judge that the decision was in error and should be changed" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:7, at 182). Motions for re-argument are left to the sound discretion of the court and may be granted "upon a showing that the court has overlooked or misapprehended the facts or the law or for some other reason mistakenly arrived at its earlier decision" (Loland v. City of New York, 212 AD2d 674 [2d Dept 1995]).
Upon review, no matters of fact or law were allegedly overlooked or misapprehended. As such, the defendant's motion to reargue does not set forth any acceptable grounds for which this Court would exercise its discretion to grant the relief requested.
However, if this Court granted the defendant's motion to reargue, said motion still fails on the merits. The defendant contends that the complainant's doctor opined to the case detective that the injuries sustained by the complainant are consistent with being stabbed rather than being shot. As such, the People should have presented this evidence to the Grand Jury and their failure impairs the integrity of the Grand Jury. The People admitted several exhibits, including video surveillance and the medical records of the complainant. Based upon the evidence presented coupled with the exhibits, the court finds that the integrity of the Grand Jury was not impaired. How the complainant sustained his injuries, whether it be because he was shot or stabbed, is a fact to be determined by a trial jury. The opinion of one doctor, who was not present during the incident, is not dispositive.
The People enjoy broad discretion when determining how to present a case to the Grand Jury (see People v. Rockwell, 97 AD2d 853 [3d Dept 1983]). "The prosecutor's discretion in presenting the case to the Grand Jury, however, is not unbounded, for it is settled that at a Grand Jury proceeding, the prosecutor performs the dual role of advocate and public officer, charged with the duty not only to secure indictments but also see that justice is done; 'as a public officer he owes a duty of fair dealing to the accused and candor to the courts'" (People v. Lancaster, 69 NY2d 20, 26 [1986] internal citations omitted). "The District Attorney's duties as a public officer are quasi-judicial in nature and in the performance of his duties he must not only be disinterested and impartial but must also appear to be so" (People v. Dzeloski, 161 Misc 2d 867, 868-9 [Bronx Co Sup Ct, 1994], citing People v. Lofton, 87 Misc 2d 572 [Kings Co Sup Ct, 1975]).
"A grand jury proceeding is defective warranting dismissal of the indictment [pursuant to CPL section 210.35(5)] only where the proceeding fails to conform with the requirements of CPL Article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (People v. Burch, 108 AD3d 679, 680 [2d Dept 2013]; see also People v. Moffitt, 20 AD3d 687, 688 [3d Dept 2005]). "The exceptional remedy of dismissal under CPL 210.35(5) should be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (People [*3]v. Miles, 76 AD3d 645, 645 [2d Dept 2010], quoting People v. Huston, 88 NY2d 400, 409 [1996]; see also People v. Read, 71 AD3d 1167, 1168 [2d Dept 2010]; People. v. Ramirez, 298 AD2d 413 [2d Dept 2002]).
The defendant's argument that the People admitted impermissible hearsay, to wit: narration of video surveillance that the detective did not personally observe in real time, is misplaced. Upon review of the Grand Jury minutes, the detective did not narrate the video, but rather, defined technical terms that were within his knowledge, training, and experience as a sworn law enforcement officer. As such, this ground for dismissal of the indictment is without merit.
Counselor's argument pertaining to an improper identification of the defendant by non-eyewitness officers is unpersuasive and without merit (see People v. Mosley, 2024 NY Slip Op 02125 [2024]).
In reviewing the instant Grand Jury presentation and the papers submitted by the parties, this court finds that the Assistant District Attorney did not unduly prejudice the defendant nor deprive him of a fair proceeding pursuant to Article 190 of the CPL.
Accordingly, the motion to renew and/or reargue is denied as both procedurally defective and without merit, and the court adheres to its initial determination.
Challenge to Certificate of Compliance and Release Pursuant to CPL § 30.30(2)
CPL section 245.20(1) provides that the People "shall disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including but not limited to," the items subject to automatic discovery set forth in CPL section 245.20(1)(a - u). The People must "make a diligent, good faith effort to ascertain the existence of material or information discoverable" and must "cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control," (CPL § 245.20[2]). CPL section 245.50(1) provides that the People shall file a certificate of compliance after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery under CPL section 245.20(1). The certificate of compliance must include a statement that the People disclosed and made available all known information subject to discovery and must identify the items provided (CPL § 245.50[1]).
If the People provide additional discovery subsequent to the filing of their certificate of compliance in accordance with CPL section 245.60, they must serve and file a supplemental certificate identifying the additional material and information provided (CPL § 245.50[1]). However, "[n]o adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in section 245.80 of this article" (id.).
"[T]he key question in determining if a proper [certificate of compliance] has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery" (People v. Bay, 41 NY3d 200, 211 [2023], internal citations omitted). Due diligence "requires the People to make [*4]reasonable efforts to comply with statutory directives (id., internal quotations and citations omitted). That analysis "is fundamentally case-specific and will turn on the circumstances presented" (id. at 212). Although the statute does not require a "perfect prosecutor," the Court emphasized that the prosecutor's good faith, while required, "is not sufficient standing alone and cannot cure a lack of diligence (id.).
On a CPL 30.30(2) motion to release the defendant from incarceration on the ground that the People failed to exercise due diligence and therefore improperly filed a certificate of compliance, "the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure (id. at 213). Where the People fail to meet their burden, the certificate of compliance "should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id.). In determining whether the People exercised due diligence, the Court in Bay identified the following non-exhaustive list of factors for courts to consider: "the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id. at 212).
Here, the defendant contends that the People's December 13, 2023 and January 17, 2024 certificate of compliance and supplemental certificate of compliance are invalid due to the People's belated disclosure of the disciplinary records pertaining to two officers that testified in the Grand Jury.
Applying these principles, the court finds that the People acted in good faith, exercised due diligence, and made reasonable inquiries to obtain the Giglio material as it pertained to the two officers who testified before the Grand Jury. The People made several requests to obtain the files and letters pertaining to the disciplinary records of the officers, especially given the fact that the officers were not from Brooklyn and the Kings County District Attorney's Office did not already possess the information. The People further demonstrated that a voluminous amount of discovery had been provided to the defendant and that the only information outstanding was these disciplinary records for two officers.
The Court in Bay made clear that whether the People exercised due diligence is not to be examined in a vacuum, but rather to take a holistic assessment of the People's efforts to comply with the automatic discovery provisions, rather than a strict item-by-item test that would require a finding that a certificate of compliance is improper if the People miss even one item of discovery (see id.). Applying that to this matter, this court finds that the People exercised due diligence to obtain and supply the Giglio materials.
In light of the conclusion that the People's certificate of compliance was proper and that their statement of readiness was not illusory, the People, as the defense also concedes, are charged with 61 days. Accordingly, the defendant's request to be release from incarceration pursuant to CPL § 30.30(2) is hereby denied.
This constitutes the decision and order of the court.
So Ordered.
Enter
Dated: June 13, 2024
______________________________
Brooklyn, NY
Hon. H. Jacob Moses, A.J.S.C.