People v Benincasa (2024 NY Slip Op 51033(U))

[*1]

People v Benincasa

2024 NY Slip Op 51033(U)

Decided on August 7, 2024

Criminal Court Of The City Of New York, Kings County

Torres, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 7, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Chelsea Benincasa, Defendant.

Docket No. CR-000381-24KN

Eric Gonzalez, District Attorney, Holley Howell, Assistant District Attorney.
Samuel A. Bernstein, Esq. Attorney for Defendant.

Patrick Hayes Torres, J.

The defendant is charged with Assault in the Third-Degree Penal Law § 120.00 (1), among other charges. Defendant moves for an order (i) dismissing the accusatory instrument upon the grounds that defendant has been denied his right to speedy trial pursuant to CPL § 30.30 and (ii) for such further and different relief as this Court may seem just and proper.
For the foregoing reasons, defendant's motion to dismiss the accusatory instrument is denied.
Procedural History
Defendant was arraigned on January 4, 2023, and charged with Penal Law § 120.00 (1) Assault in the Third Degree. Since the top count charged in the information was a class A misdemeanor punishable by up to a year in jail, the People were required to be ready for trial within 90 days. CPL § 30.30(1)(b). Therefore, the People were required to file their COC/SOR on or before April 3, 2024.
On March 29, 2024, the People filed a Certificate of Compliance ("COC") and Statement of Readiness ("SOR") off-calendar. Additionally, the People electronically mailed a copy of the COC and SOR to defense counsel.
On April 3, 2024, at the next court appearance, defense counsel objected to the People's attempted service of the COC and SOR since defense counsel did not consent to service by electronic mail. However, due to defendant's nonappearance, the Court stayed a bench warrant, and the matter was adjourned to April 17, 2024.
On April 17, 2024, defendant appeared in Court. Defendant's counsel requested a motion schedule. As a result of defendant's request, the Court set a motion schedule. The matter was adjourned to July 8, 2024, for decision.
On May 7, 2024, defendant filed and served the instant motion to dismiss the accusatory instrument pursuant to CPL §30.30. Notably, defense counsel filed and served the motion by regular mail delivery. However, defense counsel also sent a courtesy copy of defendant's motion to the Court and the People by electronic mail.
On May 29, 2024, the People filed their opposition and on June 5, 2024, defendant filed a Reply Affirmation in Support.
Parties Arguments
Defendant argued that the People failed to properly serve upon defendant a COC and SOR prior to the expiration of their speedy trial time. Importantly, defendant never consented to service by electronic means. Nonetheless, the People proceeded to send the COC and SOR to defense counsel by electronic mail rather than some other method prescribed by CPLR 2103regular mail. Since the People failed to effectuate service by a proper method, the People failed to comply with their speedy trial requirements.
In opposition, the People argued that they filed their COC after exercising good faith and due diligence. The People admit that they served the COC and SOR upon defense counsel by electronic mail rather than regular mail. Additionally, the People argued that the criminal law is devoid of any sanction for failure to properly serve defense counsel. Since the defendant has not shown any prejudice resulting from defense counsel receiving the COC and SOR by electronic mail rather than regular mail, the COC and SOR are not invalid. Hence, the People's COC and SOR are proper since they were filed in good faith and with due diligence.
LEGAL ANALYSIS
Prior to the expiration of the CPL 30.30 speedy trial time, the People must "serve upon defendant and file with the court" a valid certificate of compliance. CPL § 245.50(1). The service of a COC upon defendant is necessary for the People to be ready for trial. People v. Harris, 80 Misc 3d 932, 938 (Crim. Ct., Bronx County 2023)("the People shall not be deemed ready for trial until service of a proper CoC."); People v. Markovtsii, 81 Misc 3d 225, 227 (Crim. Ct., Kings County 2023)("A proper, good-faith certificate of automatic discovery compliance is a prerequisite to a valid SOR.")(citation omitted). However, the criminal law is silent as to the proper method of service. People v. Williams, 73 Misc 3d 1091 (Sup. Ct., Kings County 2021). There is body of case law, including this Court, which supports that where there are no applicable provisions in the CPL concerning the issue at hand, those provisions of the CPLR that address the issue may be applied in a criminal action. People v. Trump, 82 Misc 3d 1233(A) (Sup. Ct., New York County 2024); People v. Bauza, 78 Misc 3d 1222(A) (Sup. Ct., Kings County 2023); People v. Borzon, 47 Misc 3d 914 (Sup Ct., Bronx County 2015); People v. Radtke, 153 Misc 2d 554 (Sup Ct., Queens County 1992); People v Davis, 169 Misc 2d 977 (Cty. Ct. Westchester County 1996). Hence, when the Criminal Procedure Law is bereft of any controlling law, criminal courts can consider the civil law for guidance to fill the void. See e.g., People v. Simonelli, 83 Misc 3d 1225(A) (Crim. Ct., Kings County 2024)(civil law on motion to reargue); People v. Hutchinson , 80 Misc 3d 678 (Crim. Ct., Bronx County. 2023)(civil law on electronic signatures); People v. Fulton, 162 Misc 2d 360 (Sup. Ct., Monroe County 1994)(civil law on service).
To determine whether service of the COC and SOR were proper, the Court finds guidance in the Civil Procedure Laws and Regulations ("CPLR"), which contains explicit rules on the service of papers CPLR 2103. Pursuant to the CPLR 2103, an attorney may be served by electronic means including electronic mail when "the manner is authorized by the chief administrator of the courts by rule, and unless such rule shall otherwise provide, such [*2]transmission shall be upon the party's written consent." CPLR § 2013(b)(7). Notably, the Kings County District Attorney's Office ("KCDA") has a written agreement with institutional defenders to accept service by electronic mail. People v. Williams, 73 Misc 3d 1091 (Sup. Ct., Kings County 2021)(noting that the KCDA and Brooklyn Defender Services entered into a letter agreement regarding electronic service). However, the agreement between the KCDA and the institutional defenders does not bind or extend to private attorneys. Therefore, it is imperative that the People seek a private attorney's written consent to electronic service pursuant to CPLR § 310(b)(7) prior to serving any documents by electronic mail. 
Indisputably, the People and defense counsel can enter into a written agreement consenting to service by electronic means. CPLR § 2013(b)(7). However, in the instant matter, defense counsel did not provide written consent to service by electronic mail. In fact, prior to the People filing the COC/SOR, the parties never communicated either by telephone or electronic means. Moreover, the People concede to serving the defendant with the COC/SOR electronically defendant without counsel's consent. For these reasons, the People were required to effectuate service by the traditional means enumerated in the CPLR including personal service or service by mail. CPLR § 2013(b). Consequently, the People's failure to properly serve the COC upon defendant prevented the speedy trial clock from stopping on the eighty-sixth (86th) day.
SPEEDY TRIAL CALCULATION
The People's CPL § 30.30 time commenced on January 5, 2024, the day after the defendant was arraigned on the accusatory instrument. People v. Stiles, 70 NY2d 765, 767 (1987). When the People filed their COC and SOR on March 29, 2024, 85 days of speedy trial time were chargeable to the People. However, the People failed to properly serve their COC which prevented the CPL § 30.30 time from stopping.
When the parties appeared in court on April 3, 2024, ninety (90) days of speedy trial time had elapsed. While in court, the People did not serve the COC and SOR upon defense counsel. Had the People served their COC and SOR on the record, their speedy trial time would have stopped pending a determination of the validity of the COC and SOR. Although, the People did not stop their speedy trial clock, defendant's failure to appear in court and the Court's Staying a bench warrant until April 17, 2024, were excludable from the People's CPL § 30.30 time. CPL § 30.30(4)(c)(i). Thus zero (0) days were chargeable to the People from April 3, 2024, to April 17, 2024.
On April 17, 2024, defendant appeared in court. However, defendant's counsel requested a motion schedule. Any pre-trial motion time and the time under which the said motion is under consideration by the court is excludable from the computation of the CPL § 30.30 speedy trial time. CPL § 30.30(4)(a); People v. Brown, 99 NY2d 488 (2003)(finding that the adjournment after defense counsel announced the intention to file a pretrial motion in a separate unrelated case was excludable time despite defense counsel not filing a motion); People v. A.V., 82 Misc 3d 1244(A) (Crim Ct., Bronx County 2024)(pre-trial motion time commenced when the People orally moved for a continuance). Consequently, the People are charged zero (0) days from April 17, 2024, to the date of this decision.
Accordingly, defendant's motion to dismiss pursuant to CPL § 30.30 is denied. However, the People have not properly effectuated service of the COC and SOR pursuant to CPLR § [*3]2013(b) therefore the People are charged ninety (90) days of speedy trial time.
The foregoing constitutes the opinion, decision, and order of the Court.
Dated: August 7, 2024
Brooklyn, New York 
E N T E R:
Patrick Hayes Torres, J.C.C.